1  SULLIVAN, HILL, LEWIN, REZ & ENGEL
   A Professional Law Corporation
2    Robert P. Allenby, SBN 156926
     James E. Drummond, SBN 53438
3    David B. Hopkins, SBN 126780
     Sean M. Gaffney, SBN 209251
4  550 West "C" Street, Suite 1500
   San Diego, California 92101
5  Telephone: (619) 233-4100
   Fax Number: (619) 231-4372
6
   Attorneys for Plaintiff TRAYLOR BROS., INC.
7

FILED

08 JUN -6 PM 3: 09

*CLERK U.S. DISTRICT COURT*
*SOUTHERN DISTRICT OF CALIFORNIA*

BY: ECC          DEPUTY

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10  TRAYLOR BROS., INC., an Indiana      )   Case No. 08 CV 1019 L JMA
    corporation doing business as TRAYLOR )
11  PACIFIC,                              )   COMPLAINT FOR:
                                          )
12               Plaintiff,               )   1) DAMAGES FOR BREACH OF
                                          )      CONTRACT;
13  v.                                    )
                                          )   2) DAMAGES FOR NEGLIGENCE,
14  SAN DIEGO UNIFIED PORT DISTRICT,      )      BREACH OF IMPLIED
    a California public corporation,      )      WARRANTY OF CONTRACT
15                                        )      DOCUMENTS,
                 Defendants.              )      MISREPRESENTATION/
16                                        )      OMISSION OF MATERIAL
                                          )      FACTS;
17                                        )
                                          )   3) DAMAGES FOR VIOLATION OF
18                                        )      CALIFORNIA PUBLIC
                                          )      CONTRACT CODE SECTION
19                                        )      7104;
                                          )
20                                        )   4) COMMON COUNTS; AND
                                          )
21                                        )   5) DECLARATORY RELIEF
                                          )
22                                        )
                                          )   DEMAND FOR JURY TRIAL
23  _____)

24      Plaintiff TRAYLOR BROS., INC. alleges as follows:

25                          I.

26                        PARTIES

27      1.      At all relevant times mentioned herein, Plaintiff TRAYLOR BROS., INC., doing

28  business as TRAYLOR PACIFIC, (hereinafter "TRAYLOR PACIFIC") was a corporation

ORIGINAL

CR

1 | organized and existing under the laws of the State of Indiana with its principal place of business in
2 | Evansville, Indiana.  At all relevant times mentioned herein, TRAYLOR PACIFIC was qualified to
3 | do business in the State of California.  At all relevant times mentioned herein, TRAYLOR PACIFIC
4 | was duly licensed by the State of California as a general engineering contractor and a general
5 | building contractor, California Contractor's License No. 762513.  At all relevant times mentioned
6 | herein, TRAYLOR PACIFIC was duly licensed as a contractor during the performance of the acts
7 | and contracts alleged herein within the meaning of California Business & Professions Code section
8 | 7031(a).

9     2.    Defendant SAN DIEGO UNIFIED PORT DISTRICT (the "PORT") is a public
10 | corporation organized and existing under the laws of the State of California pursuant to Appendix 1,
11 | sections 1 through 88, to the California Harbors & Navigation Code.  The PORT is the owner and
12 | public trustee of certain waters, tidelands and lands lying under the inland navigable waters in and
13 | around San Diego Bay.  The PORT is a public trustee responsible for the development, operation,
14 | maintenance, control, regulation, and management of such waters, tidelands and lands, and for the
15 | promotion of commerce, navigation, fisheries, and recreation thereon.

16                 II.

17          JURISDICTION

18     3.    TRAYLOR PACIFIC is a citizen of the State of Indiana.

19     4.    The PORT is a citizen of the State of California.

20     5.    The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000),
21 | exclusive of interest and costs.

22     6.    This Court has jurisdiction over this controversy pursuant to Article III of the United
23 | States Constitution and Section 1332(a)(1) to Title 28 of the United States Code based upon the
24 | complete diversity of citizenship of the parties.

25               III.

26          VENUE

27     7.    The PORT resides and is subject to personal jurisdiction in the Southern District of
28 | California.

8.     A substantial part of the events or omissions giving rise to TRAYLOR PACIFIC's claims occurred in the Southern District of California.

9.     The property that is the subject of this action is located in the Southern District of California.

10.    Venue is proper in the Southern District of California pursuant to Section 1391(a) to Title 28 of the United States Code.

IV.

GENERAL ALLEGATIONS

11.    On or about April 18, 2005, the PORT let out to bid a construction project involving environmental remediation and related improvements at and around the former Campbell Shipyard site fronting San Diego Bay.  In particular, the PORT solicited bids for District Specification No. 2004-21, including Option 1 (District Specification No. 2005-07) and Option 2 (District Specification No. 2004-39), entitled "Sediment Remediation and Aquatic Enhancement, Former Campbell Shipyard Site, San Diego, California" (hereinafter the "Project").  Broadly speaking, the Project involved the demolition and removal of existing piers and launchway structures and other debris and the dredging and disposal of contaminated bay sediment in preparation for the installation of an engineered cap system composed of successive layers of geo-textile fabric, rock, sand, and gravel placed on the bay floor.  The purpose of the cap was to encapsulate and contain contaminants remaining buried in the sediment on the bay floor and thereby prevent the release of additional pollution into the environment.  The Project also involved the planting of vegetation and the construction of a wildlife habitat in other areas of the bay floor and the repair and reconstruction of the seawall, a mole pier, and other improvements.  Option 1 for the Project involved maintenance dredging at Berths 24-10 and 24-11 of the National City Marine Terminal.  Option 2 for the Project involved  demolition, debris removal, dredging and construction of related improvements associated with the deepening of Berths 10-3 through 10-6 at the Tenth Avenue Marine Terminal (hereinafter "TAMT").

12.    In significant part, the Project was intended by the PORT to mitigate and remediate historical soil, sediment and/or water contamination at and around the Project site.  The PORT was

1  legally responsible to clean up and abate the contamination pursuant to the order of the State of

2  California and other governmental orders, regulations and laws. Likewise, the PORT intended the

3  Project to implement the terms of settlement agreements with various alleged polluters and/or other

4  responsible parties who had caused, contributed to or were otherwise responsible for the historical

5  contamination at and around the Project site and to implement a Memorandum of Understanding

6  between the PORT and a consortium of environmental advocacy groups regarding the appropriate

7  means and methods of remediating the historical contamination at or around the Project site.

8      13.    TRAYLOR PACIFIC submitted the winning bid for the Project, and the PORT

9  awarded the Project to TRAYLOR PACIFIC. On or about July 28, 2005, TRAYLOR PACIFIC and

10 the PORT executed a written contract whereby TRAYLOR PACIFIC agreed to provide the labor

11 and material for the construction of the Project in conformity with the contract documents, including

12 all applicable permits, specifications and drawings supplied by the PORT, in exchange for the

13 principal sum of approximately Sixteen Million Dollars ($16,000,000)(hereinafter the "Contract").

14 A true and correct copy of the Contract is attached hereto as Exhibit A and incorporated herein by

15 this reference.

16     14.    During the course of the Project, TRAYLOR PACIFIC and the PORT agreed to

17 several bilateral change orders, the total net effect of which was to increase the overall scope of

18 TRAYLOR PACIFIC's work required under the Contract and to increase the amount of time by

19 which TRAYLOR PACIFIC was to complete the work and the compensation due to TRAYLOR

20 PACIFIC from the PORT. Also during the course of the Project, the PORT issued several unilateral

21 change orders that purported to change the scope of TRAYLOR PACIFIC's work required under the

22 Contract; the time by which TRAYLOR PACIFIC was to complete the work; and/or the

23 compensation due to TRAYLOR PACIFIC from the PORT. TRAYLOR PACIFIC and the PORT

24 were not able to agree on all the material terms of the unilateral change orders. Additionally, during

25 the course of the Project, TRAYLOR PACIFIC came to suffer several circumstances and conditions

26 by which TRAYLOR PACIFIC was entitled to additional time and/or compensation, including for

27 extra work not required or contemplated under the Contract. The PORT disputed TRAYLOR

28 PACIFIC's entitlement to additional time and/or compensation. Throughout the Project, and in

1 accordance with TRAYLOR PACIFIC's business practices and the terms of the Contract,

2 TRAYLOR PACIFIC made good faith efforts to resolve all disputes with the PORT, including

3 through partnering. Also in accordance with the terms of the Contract, TRAYLOR PACIFIC agreed

4 formally to mediate its claims and disputes with the PORT. TRAYLOR PACIFIC formally

5 mediated with the PORT in good faith for over a year; however, TRAYLOR PACIFIC and the

6 PORT have been unsuccessful in mediating a resolution of the claims and disputes alleged herein.

7 As of this writing, the mediation continues; however, TRAYLOR PACIFIC anticipates that all

8 mediation will be suspended, if not terminated, upon the service of the Summons and this Complaint

9 in this action. Apart from mediation, during the course of the Project, TRAYLOR PACIFIC duly

10 and timely complied with, or was excused from complying with, the claims procedures set forth in

11 the Contract with respect to the claims and disputes alleged herein. TRAYLOR PACIFIC duly and

12 timely submitted certified claims 1 through 17 to the PORT seeking total additional compensation,

13 after due credit for undisputed portions of unilateral change orders issued by the PORT, in the

14 principal amount of Twelve Million, Three Hundred Twenty-Four Thousand, Fifty-Two Dollars

15 ($12,324,052) and additional time to complete the Project of 337 calendar days — all as described in

16 the Summary of Damages attached hereto as Exhibit B and incorporated herein by this reference.

17 Additionally, TRAYLOR PACIFIC disputed, and continues to dispute, the PORT's wrongful

18 assessment and withholding of liquidated damages. Finally, TRAYLOR PACIFIC disputed, and

19 continues to dispute, the PORT's wrongful withholding of alleged extra costs associated with alleged

20 non-conforming work performed by TRAYLOR PACIFIC.

21     15.    On or about November 16, 2007, TRAYLOR PACIFIC completed the Project and/or

22 became entitled to final payment for the work on the Project. On or about December 27, 2007, the

23 PORT executed and caused to be recorded a Notice of Completion for the Project. On or about

24 April 22, 2008, TRAYLOR PACIFIC and the PORT executed a Final Release of Claims Agreement

25 whereby TRAYLOR PACIFIC released the PORT from all claims relative to or by virtue of the

26 Contract or work performed pursuant to the Contract, except with respect to the claims and disputes

27 alleged herein, and the PORT unconditionally paid to TRAYLOR PACIFIC the undisputed portion

28 of the final payment due under the Contract, including retention. The PORT wrongfully withheld

1  from the final payment liquidated damages assessed by the PORT due to alleged delay by

2  TRAYLOR PACIFIC in completing the Project and alleged extra costs associated with alleged non-

3  conforming work performed by TRAYLOR PACIFIC.   The PORT refused to award TRAYLOR

4  PACIFIC extra time and additional compensation for the extra work performed by TRAYLOR

5  PACIFIC to complete the Project.

6      16.    On or about April 1, 2008, TRAYLOR PACIFIC duly and timely submitted to the

7  PORT its 17 claims as claims under the Government Claims Act, California Government Code

8  sections 900 through 935.8.  On or about May 13, 2008, the PORT summarily denied TRAYLOR

9  PACIFIC's claims under the Government Claims Act.

10     17.    TRAYLOR PACIFIC has exhausted, or been excused from exhausting, all conditions

11 precedent and concurrent to TRAYLOR PACIFIC's right to initiate litigation against the PORT,

12 including exhausting all administrative and mediation remedies under the Contract and all remedies

13 under the Government Claims Act.

14                              V.

15                    FIRST CLAIM FOR RELIEF

16                      (Breach of Contract)

17     18.    TRAYLOR PACIFIC re-alleges and incorporates by this reference each and every

18 allegation contained in all preceding paragraphs of this Complaint as though such allegations are set

19 forth fully herein.

20     19.    TRAYLOR PACIFIC performed, or was excused from performing, all of its

21 obligations under the Contract.  All conditions to the PORT's performance obligations under the

22 Contract have been satisfied.

23     20.    The PORT breached the Contract in several respects, including but not limited to:

24         (a)    failing and refusing to approve claims and issue change orders providing

25 TRAYLOR PACIFIC with time extensions and/or additional compensation for the reasonable value

26 of extra work necessarily performed by TRAYLOR PACIFIC as the result of site conditions

27 differing from those indicated in the Contract;

28 / / /

::ODMA\PCDOCS\PCDOCS\284124\1                 - 6 -

1         (b)    failing and refusing to approve claims and issue change orders providing

2 TRAYLOR PACIFIC with time extensions and/or additional compensation for the reasonable value

3 of extra work necessarily performed by TRAYLOR PACIFIC as the result of changes in the original

4 scope of work ordered by the PORT;

5         (c)    failing and refusing to approve claims and issue changes orders providing

6 TRAYLOR PACIFIC with time extensions and/or additional compensation for the reasonable value

7 of extra work necessarily performed by TRAYLOR PACIFIC as a result of the PORT failing

8 reasonably to disclose the scope of work performed by others;

9         (d)    failing and refusing to issue change orders providing TRAYLOR PACIFIC

10 with time extensions and/or additional compensation for the reasonable value of extra work

11 necessarily performed by TRAYLOR PACIFIC as the result of latent defects in the plans and

12 specifications in the Contract;

13         (e)    assessing liquidated damages against TRAYLOR PACIFIC for delays caused

14 by the PORT;

15         (f)    withholding payment from TRAYLOR PACIFIC for work properly

16 performed within the original scope of the Contract;

17         (g)    placing undue restrictions on TRAYLOR PACIFIC's access to the Project

18 site; failing to honor the PORT's obligations to provide TRAYLOR PACIFIC shared access to the

19 Project site in order to perform the work; wrongfully evicting, entering onto, and invading

20 TRAYLOR PACIFIC's right of occupancy of the Project premises; and then denying TRAYLOR

21 PACIFIC extra time and compensation for the increased effort necessitated by having to perform

22 such work on the critical path, out of sequence and/or with more expensive means and methods due

23 to lack of such access;

24         (h)    failing and refusing to issue change orders providing TRAYLOR PACIFIC

25 with time extensions and/or additional compensation for delays and/or suspensions of work ordered

26 or caused by the PORT in violation of California Public Contract Code section 7102;

27         (i)    failing and refusing to issue change orders providing TRAYLOR PACIFIC

28 with time extensions and/or additional compensation for extra work necessitated by differing site

1  conditions affecting excavation work performed by TRAYLOR PACIFIC at an elevation at least

2  four feet below the surface upon timely notice from TRAYLOR PACIFIC of the differing site

3  conditions as required by California Public Contract Code section 7104;

4          (j)     forcing TRAYLOR PACIFIC to perform extra work not called for under the

5  Contract, including under protest, without affording TRAYLOR PACIFIC the time extensions

6  and/or additional compensation for the reasonable value of the extra work performed under protest

7  by TRAYLOR PACIFIC;

8          (k)     by unreasonably and without good cause conditioning and delaying the final

9  payment of compensation to TRAYLOR PACIFIC on the performance of work after the work had

10  been completed and/or the execution of TRAYLOR PACIFIC of a release that was not lawfully

11  required under the Contract;

12          (l)     by engaging in commercial activities with the United States and others at the

13  TAMT and directing TRAYLOR PACIFIC to cease operations, demobilize, stand-by idle, and

14  remobilize its equipment so as to cause delay on the Project without compensating TRAYLOR

15  PACIFIC for the extra time or costs incurred;

16          (m)     by failing and refusing to accurately characterize and quantify pay-item

17  quantities, and thus compensation owing to TRAYLOR PACIFIC, for the debris removed and/or

18  materials placed on the Project;

19          (n)     for altering the scheduling and sequencing for the Project in a manner to cause

20  delay and extra work for TRAYLOR PACIFIC and then refusing to award TRAYLOR PACIFIC

21  extra time or compensation therefor;

22          (o)     by directing TRAYLOR PACIFIC to perform and document work as extra

23  work for which TRAYLOR PACIFIC was entitled to extra time and compensation and then denying

24  that the work was extra and/or that the extra time and compensation was reasonable or otherwise

25  owing; and

26          (p)     by failing to honor agreements between the parties made during the course of

27  the job, upon which TRAYLOR PACIFIC reasonably relied to its detriment, regarding the amount

28  and manner for calculating pay-item quantities under the Contract or for extra work.

21.    As a direct and proximate result of the PORT's breaches, TRAYLOR PACIFIC has sustained general, special and consequential damages in an amount according to proof at trial. Such damages include, but are not limited to, damages due to property damage, including physical injury to or destruction of tangible property during the Project and/or loss of use thereof during and after the Project.

VI.

SECOND CLAIM FOR RELIEF

(Negligence, Breach of Implied Warranty of Contract Documents,
Misrepresentation/Omission of Material Facts)

22.    TRAYLOR PACIFIC re-alleges and incorporates by this reference each and every allegation contained in all preceding paragraphs of this Complaint as though such allegations are set forth fully herein.

23.    The PORT drafted, approved and supplied to TRAYLOR PACIFIC the drawings, specifications, and other documents, including all studies and permits, comprising the Contract documents, including any addenda, amendments or changes thereto. In doing so, the PORT owed TRAYLOR PACIFIC a duty to exercise due care and ensure that the Contract documents sufficiently and accurately described the site conditions and the scope of work to be performed by TRAYLOR PACIFIC and others; that the Project was actually, reasonably and commercially practicable to be built as planned; and that changes to the original Contract documents prior to bid submittal were sufficiently clear to alert TRAYLOR PACIFIC regarding the nature and extent of such changes as compared to the original scope of work. The PORT impliedly warranted the fitness and accuracy of the Contract documents in letting the Project out for bid and awarding the Contract to TRAYLOR PACIFIC.

24.    The PORT, including through its officers, breached its duty to exercise due care and the implied warranty of fitness and accuracy of the Contract documents in several respects, including but not limited to, the following negligent acts, errors and/or omissions:

a)    misrepresenting and/or failing to fully and accurately disclose the nature and extent of the site conditions described in the Contract documents;

b)      misrepresenting and/or failing to fully and accurately disclose to TRAYLOR PACIFIC the nature and scope of work to be performed by others;

c)      unreasonably and/or in bad faith purporting to interpret Contract language and/or resolve ambiguities, including latent ambiguities, in the Contract documents in favor of the PORT and against TRAYLOR PACIFIC;

d)      misrepresenting and/or failing to fully and accurately disclose the nature and scope of material, latent site conditions which were, or should have been, known to the PORT;

e)      misrepresenting and/or failing to fully and accurately disclose limitations and conditions that materially changed or qualified the scope of the work so as to materially alter the means and methods available to TRAYLOR PACIFIC to perform the work;

f)      placing undue restrictions on TRAYLOR PACIFIC's access to the Project site; failing to honor the PORT's obligations to provide TRAYLOR PACIFIC shared access to the Project site in order to perform the work; wrongfully evicting, entering onto, and invading TRAYLOR PACIFIC's right of occupancy of the Project premises; and then denying TRAYLOR PACIFIC extra time and compensation for the increased effort necessitated by having to perform such work out of sequence or with more expensive means and methods due to lack of such access;

g)      drafting and supplying Contract documents by which, if followed, the Project could not actually, reasonably or in a commercially practicable manner be built as planned;

h)      providing inadequate, inaccurate or incomplete information and/or failing to provide adequate, accurate or complete information to its outside design professionals;

i)      failing to supervise its outside design professionals; and

j)      in approving and supplying the Contract documents to TRAYLOR PACIFIC, failing to either appreciate or correct the Contract documents to overcome the aforementioned shortcomings.

25.      In breaching its obligations to TRAYLOR PACIFIC, the PORT made misrepresentations of material fact without believing them to be true or having reasonable ground for believing them to be true; made misrepresentations and omissions of material fact that were, or should have been, reasonably known only by the PORT; and omitted or suppressed material facts

1    that qualified and rendered misleading the facts that the PORT otherwise disclosed in the Contract

2    documents. Had the PORT exercised due care in the drafting and supplying the Contract documents

3    to TRAYLOR PACIFIC, the PORT would have caused the Contract documents to accurately and

4    completely reflect the true conditions.

5        26.    TRAYLOR PACIFIC, at the time these representations and omissions were made by

6    the PORT, was ignorant of the true and complete facts. In reasonable reliance on the Contract

7    documents, TRAYLOR PACIFIC was induced to submit a bid and enter into the Contract. Had

8    TRAYLOR PACIFIC known the actual and complete facts, TRAYLOR PACIFIC would either have

9    submitted a bid that was substantially higher in price; would have entered into a contract for

10    substantially more time and compensation; and/or would have declined to submit a bid or enter into

11    a contract on the Project.

12        27.    As a direct and proximate result of the PORT's breach of its duty to exercise

13    due care, the implied warranty of fitness and accuracy in the plans and specifications, and

14    misrepresentations and omissions to TRAYLOR PACIFIC, TRAYLOR PACIFIC sustained general

15    special, and consequential damages in an amount to be proven at trial. Such damages included, but

16    were not limited to, damages due to property damage, including physical injury to or destruction of

17    tangible property during the Project and/or loss of use thereof during and after the Project.

18                                        VII.

19                          THIRD CLAIM FOR RELIEF

20                   (Violation of Public Contract Code Section 7104)

21        28.    TRAYLOR PACIFIC re-alleges and incorporates by this reference each and every

22    allegation contained in all preceding paragraphs of this Complaint as though such allegations are set

23    forth fully herein.

24        29.    The Project involved excavations that extended deeper than four feet below the

25    surface within the meaning of California Public Contract Code section 7104.

26        30.    Pursuant to California Public Contract Code section 7104, the PORT was required to

27    insert, and did insert, a clause in the Contract that, upon notice from TRAYLOR PACIFIC of either

28    a) subsurface or latent physical site conditions differing from those indicated in the Contract

1  documents; or b) unknown physical conditions at the site of an unusual nature, different materially

2  from those ordinarily encountered and generally recognized as inherent in work of the character

3  provided in the Contract, the PORT would promptly investigate the conditions and, if the PORT

4  found that the conditions did materially differ and cause an increase in TRAYLOR PACIFIC's costs

5  or time for performance of the work, the PORT would issue a change order extending the time for

6  TRAYLOR PACIFIC to perform the work and/or compensating TRAYLOR PACIFIC for the extra

7  costs.

8      31.    During the course of the Project, TRAYLOR PACIFIC encountered subsurface or

9  latent physical site conditions differing from those indicated in the Contract documents and

10  unknown physical conditions at the site of an unusual nature, different materially from those

11  ordinarily encountered and generally recognized as inherent in work of the character provided in the

12  Contract. Such conditions caused TRAYLOR PACIFIC to incur additional time and costs to

13  perform extra work. TRAYLOR PACIFIC gave the PORT due notice of such conditions.

14  TRAYLOR PACIFIC thereby afforded the PORT an opportunity to investigate to confirm the

15  presence of such conditions. TRAYLOR PACIFIC requested that the PORT issue change orders to

16  extend the time for TRAYLOR PACIFIC to perform the additional time and costs incurred by

17  TRAYLOR PACIFIC to perform the extra work.

18      32.    The PORT breached its obligations under California Public Contract Code section

19  7104 both by failing: a) to promptly, reasonably and/or in good faith investigate the differing site

20  conditions after receiving due notice from TRAYLOR PACIFIC; b) to acknowledge the presence of

21  such conditions entitling TRAYLOR PACIFIC to change orders; and c) to issue change orders to

22  extend the time for TRAYLOR PACIFIC to perform the extra work and/or compensate TRAYLOR

23  PACIFIC for the extra costs incurred by TRAYLOR PACIFIC to perform the extra work..

24      33.    As a direct and proximate result of the PORT's violation of its contractual and

25  statutory obligations under California Public Contract Code section 7104, TRAYLOR PACIFIC has

26  sustained  general, special and consequential damages including, but not limited to, expenditure of

27  additional unplanned labor hours; use of additional unplanned materials and equipment; disruption in

28  its work; delays in its performance; extended overhead; denial of access to work areas; inefficiencies

1  in performance; productivity loss; rescheduling of manpower; loss of business opportunities; loss of

2  profits; and property damage, including physical injury to or destruction of tangible property during

3  the Project and/or loss of use thereof during and after the Project — all according to proof at trial.

4  VIII.

5  FOURTH CLAIM FOR RELIEF

6  (Common Counts — Accounts Stated, Book Accounts,
Money Had and Received, *Quantum Valebant*, *Quantum Meruit*)

7

8  34.    TRAYLOR PACIFIC re-alleges and incorporates by this reference each and every

9  allegation contained in all preceding Paragraphs of this Complaint as though set forth fully herein.

10  35.    Within the last four years, TRAYLOR PACIFIC has, pursuant to a written contract,

11  provided goods to and performed services for the PORT including the construction of extra work.

12  There is due and owing by the PORT to TRAYLOR PACIFIC the principal sum of at least Twelve

13  Million, Three Hundred Twenty-Four Thousand, Fifty-Two Dollars ($12,324,052) and additional

14  time to complete the Project of at least 337 calendar days.  Additionally, the PORT wrongfully

15  withheld, and continues to withhold, money due to TRAYLOR PACIFIC for liquidated damages

16  wrongfully assessed by the PORT for alleged delay by TRAYLOR PACIFIC in completing the

17  Project and for allegedly non-conforming work performed by TRAYLOR PACIFIC.  During the

18  course of the Project, the PORT and TRAYLOR PACIFIC maintained, in the regular course of

19  business in a reasonably permanent form and manner, detailed statements which constituted the

20  principal record of one or more transactions between the parties arising out of the Contract showing

21  the debits and credits in connection therewith, and against whom and in favor of whom entries were

22  made.

23  36.    TRAYLOR PACIFIC has performed, or been excused from performing, all

24  obligations under the parties' written Contract.  The above sums are reasonable compensation for the

25  goods supplied and the services rendered to the PORT by TRAYLOR PACIFIC.  All conditions to

26  the PORT's obligation to pay TRAYLOR PACIFIC the sums herein alleged have been satisfied.

27  / / /

28  / / /

37.    TRAYLOR PACIFIC has made, and hereby makes, demand on the PORT for payment of the sums alleged herein.

38.    The PORT has failed and refused, and continues to fail and refuse, to pay to TRAYLOR PACIFIC the sums due and owning as herein alleged.

39.    As a direct and proximate result of the PORT's failure and refusal to pay the sums due and owing as herein alleged TRAYLOR PACIFIC has suffered damages in the principal amount of at least Twelve Million, Three Hundred Twenty-Four Thousand, Fifty-Two Dollars ($12,324,052) according to proof at trial.

40.    TRAYLOR PACIFIC is entitled to pre-judgment interest at the simple rate of ten percent *per annum*.  Prejudgment interest has accrued, and will continue to accrue, on the principal sum due until the principal and all accrued interest thereon is paid or judgment is entered, whichever comes first.

IX.

DECLARATORY RELIEF

(Entitlement to Extra Time/Invalidity of Liquidated Damages Withheld)

41.    TRAYLOR PACIFIC  re-alleges and incorporates by this reference each and every allegation contained in all preceding Paragraphs of this Complaint as though set forth fully herein.

42.    An actual controversy within the Court's jurisdiction under Section 2201 to Title 28 of the United States Code has arisen and now exists between TRAYLOR PACIFIC and the PORT as to the time which TRAYLOR PACIFIC was entitled to be awarded to complete the Project and whether TRAYLOR PACIFIC delayed completion of the Project such that the PORT was entitled to assess and/or withhold liquidated damages from TRAYLOR PACIFIC.

43.    TRAYLOR PACIFIC contends that its was entitled to additional time of at least 337 calendar days to complete the Project; that TRAYLOR PACIFIC timely completed the Project; and that the PORT was not entitled to assess or withhold liquidated damages from TRAYLOR PACIFIC. The PORT disagrees with TRAYLOR PACIFIC's contentions and contends that TRAYLOR PACIFIC was not entitled to any additional time to complete the Project; that TRAYLOR PACIFIC

/ / /

1  failed timely to complete the Project; and that the PORT was entitled to assess and withhold, and did

2  assess and withhold, from TRAYLOR PACIFIC liquidated damages.

3    44.    TRAYLOR PACIFIC desires a judicial determination and declaration: a) that

4  TRAYLOR PACIFIC was entitled to additional time of at least 337 calendar days to complete the

5  Project, including for the extra work performed by TRAYLOR PACIFIC;  b) that TRAYLOR

6  PACIFIC timely completed the Project or was excused from timely completing the Project; c) that

7  the PORT was not entitled to assess and/or withhold liquidated damages from TRAYLOR PACIFIC;

8  and d) that the PORT must reimburse to TRAYLOR PACIFIC all liquidated damages assessed and

9  withheld from TRAYLOR PACIFIC, with prejudgment interest thereon until paid.

10    45.    A judicial declaration is necessary and appropriate at this time under the

11  circumstances so that the parties can ascertain their respective rights; so that TRAYLOR PACIFIC

12  will be justly compensated, and the PORT not unjustly enriched, for the work that TRAYLOR

13  PACIFIC performed in timely completing the Project; and so that TRAYLOR PACIFIC can avoid

14  any obligation to report the liquidate damages assessed by the PORT in pre-qualifying or qualifying

15  for other projects, including public works projects.

16                                    X.

17                          PRAYER FOR RELIEF

18    WHEREFORE, TRAYLOR PACIFIC requests that judgment be entered in favor of

19  TRAYLOR PACIFIC and against the PORT as follows:

20    1.    As and for the First Claim for Relief for Breach of Contract:

21        (a)    General, special, and consequential damages all according to proof at trial;

22        (b)    A judicial declaration that TRAYLOR PACIFIC was entitled to additional

23  time to complete the Project in an amount according to proof at trial;

24        (c)    Prejudgment interest at the annual rate of ten percent as permitted by law;

25        (d)    Costs of suit;

26        (e)    Damages pursuant to California Public Contract Code section 7104 according

27                to proof at trial, and

28        (f)    Such other and further relief as the Court deems just and proper.

::ODMA\PCDOCS\PCDOCS\284124\1                    - 15 -

1    2.    As and for the Second Claim for Relief for Negligence, Breach of Implied Warranty
2  of Contract Documents, and Misrepresentation/Omission of Material Facts:
3            (a)    General, special, and consequential damages all according to proof at trial;
4            (b)    A judicial declaration that TRAYLOR PACIFIC was entitled to additional
5  time to complete the Project in an amount according to proof at trial;
6            (c)    Prejudgment interest at the annual rate of ten percent as permitted by law;
7            (d)    Costs of suit; and
8            (e)    Such other and further relief as the Court deems just and proper.
9
10    3.    As and for the Third Claim for Relief for Violation of Public Contract Code Section
11  7104:
12            (a)    General, special, and consequential damages all according to proof at trial;
13            (b)    A judicial declaration that TRAYLOR PACIFIC was entitled to additional
14  time to complete the Project in an amount according to proof at trial;
15            (c)    Prejudgment interest at the annual rate of ten percent as permitted by law;
16            (d)    Costs of suit; and
17            (e)    Such other and further relief as the Court deems just and proper.
18
19    4.    As and for the Fourth Claim for Relief for Common Counts:
20            (a)    General, special, and consequential damages in the principal sum of at least
21  Twelve Million, Three Hundred Twenty-Four Thousand, Fifty-Two Dollars ($12,324,052) all
22  according to proof at trial;
23            (b)    Prejudgment interest at the annual rate of  ten percent as permitted by law;
24            (c)    Costs of suit; and
25            (d)    Such other and further relief as the Court deems just and proper.
26  / / /
27  / / /
28  / / /

5.     As and for the Fifth Claim for Relief for Declaratory Relief:

     (a)     A judicial determination and declaration:

          i)     that TRAYLOR PACIFIC was entitled to additional time of at least 337 calendar days to complete the Project, including the extra work performed by TRAYLOR PACIFIC;

          ii)     that TRAYLOR PACIFIC timely completed the Project or was excused from timely completing the Project;

          iii)     that the PORT was not entitled to assess and/or withhold liquidated damages from TRAYLOR PACIFIC; and/or

          iv)     that the PORT must reimburse to TRAYLOR PACIFIC all liquidated damages assessed and withheld from TRAYLOR PACIFIC, with prejudgment interest thereon until paid at the annual rate of ten percent as permitted by law.

     (b)     Costs of suit; and

     (c)     Such other and further relief as the Court deems just and proper.

## XI.

## DEMAND FOR JURY TRIAL

TRAYLOR PACIFIC demands a trial by jury on all claims for relief for which a right to trial by jury exists.

Dated:     June 10, 2008          SULLIVAN, HILL, LEWIN, REZ & ENGEL
                                      A Professional Law Corporation

                        By:     _____
                                  Robert P. Allenby
                                  James E. Drummond
                                  David B. Hopkins
                                  Sean M. Gaffney
                                  Attorneys for Plaintiff
                                  TRAYLOR PACIFIC BROS., INC.

# CONTRACT

At San Diego, California, this __28th__ day of __July__, 2005, the SAN·DIEGO UNIFIED PORT DISTRICT, a public corporation in the County of San Diego, State of California ("District") and TRAYLOR BROS., INC. DBA TRAYLOR PACIFIC (Contractor") hereby agree:

1.    This Contract includes the attached Notice Inviting Bids, Instructions to Bidders, Bonds, Proposals, all documents in the Bid Proposal Package submitted by the Bidder, Schedule, General Conditions, Special Conditions, Specifications, Drawings and Addenda, if any, and the Plans, Specifications, Special Provisions and drawings filed with the District Clerk as Document No. 48755 and such other incorporated writings, all of which are by this reference incorporated herein and made a part hereof.

2.    Contractor shall perform and be bound by all of the terms and conditions of this Contract, shall perform the work in strict conformity with the Contract and shall perform and complete the work in a good and workmanlike manner:

SEDIMENT REMEDIATION AND AQUATIC ENHANCEMENT, FORMER CAMPBELL SHIPYARD SITE, SAN DIEGO, CALIFORNIA, INCLUDING ADDENDUM NOS. 1 THROUGH 6

3.    In the absence of damages incurred by the District, the District's legal inability to pay based on legally asserted claims of third parties, and/or the District's exercise of its rights of offset, District shall pay to Contractor the prices set forth in the attached Bid Schedule at the times and in the manner and with such additions or deductions as are provided for in this Contract and Contractor shall accept such payment in full satisfaction of all claims incident to such performance.

4.    The District or any department, board, officer or employee shall not be liable for any portion of the Contract price or for any of the work performed by Contractor under this Contract and it is further understood and agreed that the District's liability is limited and confined as imposed by law.

5.    This Contract is executed and entered into in the County of San Diego, State of California, and the obligations under this Contract are incurred and shall be performed and executed in said County.



# EXHIBIT A

Page 1A-15-Bidders Form

6.     Contractor shall commence work as required by the Contract, shall prosecute the work diligently, and shall complete it within the time limit fixed in the specifications. Time is of the essence of this Contract.

APPROVED AS TO FORM AND LEGALITY:    SAN DIEGO UNIFIED PORT DISTRICT

_August 2_____, 2005.

By _Charles A. Heinrichs_
     Charles A. (Tony) Heinrichs
     Senior Director, Facilities/Chief
     Engineer

TRAYLOR BROS., INC. DBA
TRAYLOR PACIFIC
      Contractor

License No.:   762513

Port Attorney

By: _David Catatu_

DEPUTY PORT ATTORNEY

By: _____
           Signature
      C. John Meagher
Its   Vice President
     (Type or print Signatory's name and title)

**Contractors are required by law to be licensed and regulated by the Contractor's State License Board which has jurisdiction to investigate complaints against Contractors if a complaint regarding a patent act or omission is filed within four years of the date of the alleged violation. A complaint regarding a latent act or omission pertaining to structural defects must be filed within 10 years of the date of the alleged violation. Any questions concerning a Contractor may be referred to the Registrar, Contractor's State License Board, P.O. Box 26000, Sacramento, California 95826.**

4/1/2008

**Sediment Remediation and Aquatic Enhancement Former Campbell Shipyard**
Project No. P1806-2, Option 1 P2035-1, Option 2 P1355-2
Specification No. 2004-2, Option 1 2005-07, Option 2 2004-39

**Summary of Damages**

| Claim No. | Description | Delay Days (Cal Days) | Amount |
|---|---|---|---|
| 1 | Shipways Demolition In Recon Demo Area | 22 | $ 513,390 |
| 2 | Timber Piles South of Mole Pier | 35 | $ 952,485 |
| 3 | Military Load Out at TAMT | | $ 86,202 |
| 4 | Additional Debris Removal (Part I & Part 2) | | $ 296,309 |
| | Additional Debris Removal Part 1 | 12 | $ 319,543 |
| | Additional Debris Removal Part 2 (Sunday Work) | 1 | $ 131,958 |
| | Credit for Change Order #5 | | $ (60,000) |
| | Credit for Unilateral Change Order #11 | -12 | $ (95,192) |
| 5 | Tenth Avenue Marine Terminal Concrete Overpour | | $ 1,917,402 |
| | Credit for Unilateral Change Order #13 | 0 | $ (21,250) |
| | Credit Against TAMT Overpour Request For Contract Item Payments Made By Port | | $ (249,250) |
| 6 | Navy Ship Delay at Campbell | 1 | $ 14,741 |
| | Credit for Unilateral Change Order #18 | -1 | $ - |
| 7 | Unilateral change order #19; deduction of base cap from bid item #6. | 0 | $ 132,789 |
| | Credit for Unilateral Change Order #26 (Partial; item 26) | 0 | $ (14,114) |
| 8 | Change in character to revetment placement. | 8 | $ 160,389 |
| 9 | Additional Foundation Rock South of Mole Pier | 2 | $ 107,817 |
| | Credit for Payment made under the contract bid item | | $ (45,399) |
| 10 | Temporary Shutdown at TAMT, 2nd time | | $ 50,361 |
| 11 | Encroachment of 60 foot Shared Access | 4 | $ 52,920 |
| 12 | Revised Concrete Cap at Sheet Pile Wall | 0 | $ 16,462 |
| 13 | Revetment placement adjacent to replaced precast wall segments. | 4 | $ 78,758 |
| 14 | Revised Concrete Cap and Slab At Mole Pier | 0 | $ 28,446 |
| 15 | Stockpile Area Clean Up | 0 | $ 54,678 |
| 16 | Debit for Deducting Cost to Correct Seawall Elevation (UCO #26; Partial, Item 24) | 0 | $ 14,091 |
| 17 | Additional Dredging And Capping Work (Including Impacts) | 261 | $ 8,433,897 |
| | Credit for Unilateral Change Order #26 (Partial; item 23&25) | 0 | $ (257,071) |
| | Interest Due thru 04/01/2008 @ 10% | | $ 1,498,465 |
| | **Additional Time & Compensation Due** | **337** | **$ 13,822,517** |

**Notes:**
The highlighted items are protested unilateral change orders that the port included in the final payment.
The daily interest on $12,324,052 is $3,376.45. ($12,324,052.00 × 10%/yr. = $1,232,405.00/yr.;
$1,232,052.00/yr. ÷ 365 days/yr. = $3,376.45/day).



EXHIBIT B

4/1/2008

**Sediment Remediation and Aquatic Enhancement Former Campbell Shipyard**
Project No: P1806-2, Option 1 P2035-1, Option 2 P1355-2
Specification No. 2004-2, Option 1 2005-07, Option 2 2004-39

**Summary of Damages**

In addition to the additional time and compensation set forth above in connection with Claims 1 through 17 summarized above, Traylor Pacific seeks a determination that Traylor Pacific did not cause any delay on the Project and/or that the District was not entitled to assess or withhold any liquidated damages. Accordingly, Traylor Pacific requests that the District release the principal amount of $417,000 in liquidated damages withheld by the District from Traylor Pacific. Additionally, Traylor Pacific is entitled to prejudgment interest at the simple rate of ten (10) percent per annum on the principal amount of each assessment of liquidated damages withheld from Traylor Pacific from the date of each assessment until paid. The total amount of prejudgment interest accrued through the date of this claim, April 01, 2008, is $30,114.79. Prejudgment interest will continue to accrue thereafter at the daily rate of $114.25.

| Summary of Liquidated Damages Withheld to Date | | | |
|---|---|---|---|
| Date Withheld | Principal Withheld | | Accrued Interest thru 4/01/08 |
| 1/1/2007 | $ | 66,000 | $ 8,245 |
| 2/1/2007 | $ | 31,000 | $ 3,610 |
| 3/1/2007 | $ | 6,000 | $ 653 |
| 7/1/2007 | $ | 120,000 | $ 9,041 |
| 8/1/2007 | $ | 30,000 | $ 2,005 |
| 9/1/2007 | $ | 31,000 | $ 1,809 |
| 10/1/2007 | $ | 31,000 | $ 1,554 |
| 11/1/2007 | $ | 30,000 | $ 1,249 |
| 12/1/2007 | $ | 30,000 | $ 1,003 |
| 1/1/2008 | $ | 30,000 | $ 748 |
| 2/1/2008 | $ | 12,000 | $ 197 |
| Total | $ | 417,000 | $ 30,115 |

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**

TRAYLOR BROS., INC., an Indiana corporation doing business as TRAYLOR PACIFIC

**DEFENDANTS**

SAN DIEGO UNIFIED PORT DISTRICT, a California public corporation

FILED

08 JUN -6 PM 3: 08

**'08 CV 1019 JMA**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Vanderburgh, IN
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   San Diego, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert P. Allenby, Esq. (SBN 156926)
Sullivan, Hill, Lewin, Rez & Engel APLC
550 West "C" Street, Fifteenth Floor
San Diego, California 92101
(619) 233-4100

ATTORNEYS (IF KNOWN)

Neal S. Meyers, Esq.  (SBN 109625)
Daley & Heft, LLP
462 Stevens Avenue, Suite 201
Solana Beach, California 92075
(858) 755-5666

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)   Breach of Public Works Contract; 28 U.S.C. § 1332(a)(1)(diversity)

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury- Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (13958) | [ ] 875 Customer Challenge 12 USC 3410 |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 13,000,000   CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES  [ ] NO

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   Docket Number _____

DATE   May 19, 2008

SIGNATURE OF ATTORNEY OF RECORD   *Robert P. Allenby*

Sullivan, Hill, Lewin, Rez & Engel by Robert P. Allenby

TAC # 151703   6/6/08   $350

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 151703    — TC
* * C O P Y * *
June 06, 2008
15:12:19

## Civ Fil Non-Pris
USAO #.: 08CV1019
Judge..: M. JAMES LORENZ
Amount.:                    $350.00 CK
Check#.: BC48544


Total—> $350.00


FROM: TRAYLOR BROS., INC.
        DBA TRAYLOR PACIFIC VS.
        SAN DIEGO UNIFIED PORT DIST.