1  DALEY & HEFT
   NEAL S. MEYERS, ESQ. (STATE BAR NO. 109625)
2  SCOTT NOYA, ESQ. (STATE BAR NO. 137978)
   462 STEVENS AVENUE, SUITE 201
3  SOLANA BEACH, CA 92075
   PHONE: (858) 755-5666
4

5  DUANE E. BENNETT (STATE BAR NO. 110202)
   PORT ATTORNEY
6  DAVID R. CATALINO (STATE BAR NO. 144552)
   DEPUTY PORT ATTORNEY
7  SAN DIEGO UNIFIED PORT DISTRICT
   3165 PACIFIC HIGHWAY
8  P.O. BOX 120488
   SAN DIEGO, CA 92112-0488
9  TELEPHONE: (619) 686-6219
   FACSIMILE: (619) 686-6444
10

11 Attorneys for Defendant,
   SAN DIEGO UNIFIED PORT DISTRICT
12

13                    **UNITED STATES DISTRICT COURT**

14                    **SOUTHERN DISTRICT OF CALIFORNIA**

15 TRAYLOR BROS., INC., an Indiana          )  Case No. 08 CV 1019L JMA
   corporation doing business as TRAYLOR    )
16 PACIFIC,                                 )  **DEFENDANT SAN DIEGO UNIFIED**
                                            )  **PORT DISTRICT'S NOTICE OF**
17              Plaintiff,                   )  **MOTION AND MOTION TO STRIKE**
                                            )  **CLAIMS AND ALLEGATIONS IN**
18 v.                                       )  **PLAINTIFF'S COMPLAINT [FRCP**
                                            )  **9(g)]; MEMORANDUM OF POINTS**
19 SAN DIEGO UNIFIED PORT DISTRICT, a       )  **AND AUTHORITIES IN SUPPORT**
   California public corporation,           )
20                                          )  **[NO ORAL ARGUMENT PER LOCAL**
              Defendant.                     )  **RULE]**
21 _____      )
                                               **DATE:** August 18, 2009
22                                             **TIME:** 10:30 a.m.
                                               **COURTROOM:** 11
23                                             **DISTRICT JUDGE:** M. James Lorenz
                                               **MAGISTRATE JUDGE:** Jan M. Adler
24

25 **TO: PLAINTIFF AND ITS ATTORNEY OF RECORD:**

26      **PLEASE TAKE NOTICE** that on August 18, 2008 at 10:30 a.m. or as soon thereafter

27 as the matter may be heard in Courtroom 11 of the above-entitled court, located at 880 Front

28

                                          1

1   Street, Room 4290, San Diego, California, defendant SAN DIEGO UNIFIED PORT

2   DISTRICT (hereinafter "PORT") will move the court pursuant to FRCP 12(g), for an order

3   striking the following portions of plaintiff's complaint.

4        1. First Claim for Relief: Allegation found at Paragraph 21, at page 9, lines 2-5 since

5   "special and consequential" damages are not claimed with the specificity required by Rule

6   9(g).

7        2. Prayer for Relief as to the First Claim for Relief for Breach of Contract: Prayer for

8   "special and consequential" damages, found at page 15, line 21 of the complaint since the

9   damages are not claimed with specificity as required by Rule 9(g).

10       This motion will be based on this notice and motion, the memorandum of points and

11  authorities filed herewith, matters subject to judicial notice, and the pleadings and papers filed

12  herein.

13  DATED: June 30, 2008                    DALEY & HEFT

14

15                                          BY:s/Neal S. Meyers
                                               NEAL S. MEYERS
16                                             SCOTT NOYA
                                               Attorneys for Defendant,
17                                             SAN DIEGO UNIFIED PORT DISTRICT

18

19

20

21

22

23

24

25

26

27

28

1 | DALEY & HEFT
NEAL S. MEYERS, ESQ. (STATE BAR NO. 109625)
2 | SCOTT NOYA, ESQ. (STATE BAR NO. 137978)
462 STEVENS AVENUE, SUITE 201
3 | SOLANA BEACH, CA 92075
PHONE: (858) 755-5666
4

5 | DUANE E. BENNETT (STATE BAR NO. 110202)
PORT ATTORNEY
6 | DAVID R. CATALINO (STATE BAR NO. 144552)
DEPUTY PORT ATTORNEY
7 | SAN DIEGO UNIFIED PORT DISTRICT
3165 PACIFIC HIGHWAY
8 | P.O. BOX 120488
SAN DIEGO, CA 92112-0488
9 | TELEPHONE: (619) 686-6219
FACSIMILE: (619) 686-6444
10

11 | Attorneys for Defendant,
SAN DIEGO UNIFIED PORT DISTRICT
12

13 | **UNITED STATES DISTRICT COURT**

14 | **SOUTHERN DISTRICT OF CALIFORNIA**

15 | TRAYLOR BROS., INC., an Indiana             ) Case No. 08 CV 1019L JMA
corporation doing business as TRAYLOR        )
16 | PACIFIC,                                   ) **MEMORANDUM OF POINTS AND**
                                             ) **AUTHORITIES IN SUPPORT OF**
17 |            Plaintiff,                       ) **DEFENDANT SAN DIEGO UNIFIED**
                                             ) **PORT DISTRICT'S NOTICE OF**
18 | v.                                         ) **MOTION AND MOTION TO STRIKE**
                                             ) **CLAIMS AND ALLEGATIONS IN**
19 | SAN DIEGO UNIFIED PORT DISTRICT, a          ) **PLAINTIFF'S COMPLAINT [FRCP 9(g)**
California public corporation,               )
20 |                                            ) **[NO ORAL ARGUMENT PER LOCAL**
           Defendant.                        ) **RULE]**
21 | _____ )
                                             **DATE:** August 18, 2009
22 |                                            **TIME:** 10:30 a.m.
                                             **COURTROOM:** 11
23 |                                            **DISTRICT JUDGE:** M. James Lorenz
                                             **MAGISTRATE JUDGE:** Jan M. Adler
24

25 |     Defendant SAN DIEGO UNIFIED PORT DISTRICT submits the following points and

26 | authorities in support of its motion to strike pursuant to FRCP 9(g).

27 | ///

28

**1.**

## SUMMARY OF ARGUMENT

This motion is brought because plaintiff has plead "special and consequential" damages without the specificity requested by FRCP 9(g) and applicable case law.

**2.**

## STATEMENT OF FACTS

On or about July 28, 2005, plaintiff TRAYLOR PACIFIC (hereinafter "TRAYLOR") and SAN DIEGO UNIFIED PORT DISTRICT (hereinafter "PORT") executed a written construction contract. (Complaint, paragraph 13.) The contract amount was approximately $16,000,000.00.  (Complaint, paragraph 13.) Broadly speaking, the contract involved the demolition and removal of certain existing piers and launch way structures, the dredging and disposal of contaminants, bay sediment, the placement of an engineered cap to encapsulate and contain contaminants buried in the bay floor in and about the former Campbell Shipyard and certain maintenance dredging. (Complaint, paragraph 11.) TRAYLOR contends that during the course of the project, the PORT issued to TRAYLOR certain disputed change orders and that TRAYLOR came to suffer several circumstances and conditions by which TRAYLOR was entitled to additional time and/or compensation, including for extra work not required or contemplated under the contract for which the PORT disputes. (Complaint, paragraph 14.)

As a result, TRAYLOR seeks additional compensation from the PORT in the principal amount of $12,324,052, plus accrued interest. (Complaint, paragraph 14.)  TRAYLOR's monetary claim is defined in a Summary of Damages set forth as Exhibit "B" to the Complaint.

Plaintiff's First Claim for Relief alleges Breach of Contract by the PORT. TRAYLOR lists sixteen (16) individual bases for breach. (Complaint, paragraph 20.) In paragraph 21, TRAYLOR generally alleges damages caused by for the breach, including that it "...has sustained general, <u>special</u> and <u>consequential</u> damages in an amount according to proof at trial." (Emphasis added.) TRAYLOR further generally alleges at paragraph 21 that: "Such damages include, but are not limited to, damages due to property damage, including physical injury to or

08 CV 1019L JMA

1 | destruction of tangible property during the project and/or loss of use thereof during and after

2 | the project." (Complaint, paragraph 21.)

3 |       Finally, TRAYLOR's Prayer for Relief as to the First Claim for Relief for Breach of

4 | Contract, at subparagraph 1(a), requests that judgment be entered in favor of TRAYLOR and

5 | against the PORT for "(a) General, special, and consequential damages all according to proof

6 | at trial". (Emphasis added.) (See Prayer for Relief, page 15, line 21).

7 |       Federal Rule of Civil Procedure (FRCP) Rule 9(g) requires that "[i]f an item of special

8 | damage is claimed, it must be specifically stated". Since plaintiff failed to meet this pleading

9 | requirement, TRAYLOR's reference to "special and consequential damages" should be

10 | stricken from its Breach of Contract claim.

**3.**

**AUTHORITY FOR MOTION**

13 |       Federal Rule of Civil Procedure 9(g) requires that special damages be "specifically

14 | stated", i.e., the plaintiff must allege actual damages with "particularity" and specify "facts

15 | showing that such special damages were the natural and direct result" of the defendant's

16 | conduct. (*Browning v. Clinton* (2002) 292 F.3d 235, 246; *Lenscrafters, Inc. v. Liberty Mutual*

17 | *Fire Insurance Company* (2008) 2008 WL 410243.) The requirement for specificity allows

18 | defendant the facts and information sufficient to form the basis of reasonably fruitful discovery

19 | proceedings when special damages are alleged. (*Bose Corporation v. Consumer's Union of*

20 | *United States, Inc.* (1973) 57 F.R.D. 528.)

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

**3**

**4.**

**TRAYLOR FAILS TO PLEAD A BASIS FOR "SPECIAL AND**

**CONSEQUENTIAL" DAMAGES IN ITS COMPLAINT FOR**

**BREACH OF CONTRACT**

Contractual damages are two types - general damages (sometimes called direct damages) and special damages (sometimes called consequential damages)[1] (24 Williston on contracts, §64.1, pp. 11-12, see, e.g., *Erlich v. Menezes* (1999) 21 Cal.4th 543, 558.) The basic law on secondary or derivative damages from breach of contract was established over 150 years ago in the celebrated English precedent, *Hadley v. Baxendale* (1854) 156 Eng.Rep. 145. That decision has been followed and applied in California through Civil Code section 3300 and a series of cases, beginning with *Hunt Bros. Co. v. San Lorenzo Water Co.* (1906) 150 Cal. 51, 56.

    **(a)**    **General Damages:**

General Damages are often characterized as those that flow directly and necessarily from the breach of contract, or that are a natural result of the breach. (California Civil Code §3300.) [Damages "which, in the ordinary course of things, would be likely to result" from breach.] Because general damages are a natural and necessary consequence of a contract breach, they are often said to be within the contemplation of the parties, meaning that because their occurrence is sufficiently predictable the parties at the time of contracting are "deemed" to have contemplated them. (*Lewis Jorge v. Pomona Unified School District* (2004) 34 Cal.4th 960, 968.)

    **(b)**    **Special Damages:**

Unlike general damages, special damages are those losses that do not arise directly and inevitably from any similar breach of any similar agreement. Instead, they are secondary or derivative losses arising from circumstances that are particular to the contract or to the parties

---

[1] Traylor pleads "...special and consequential" damages. Without more information, District assumes they are plead synonymously and will be treated as the same in this motion.

**4**

08 CV 1019L JMA

1   (*Lewis Jorge, supra,* 34 Cal.4th at 968.) Special damages are recoverable if the special or

2   particular circumstances from which they arise were actually communicated to or known by

3   the breaching party or were matters of which the breaching party should have been aware at the

4   time of contracting. (*Id.*) Special damages will not be presumed from the mere breach but

5   represent loss that "occurred by reason of injuries following from" the breach. *(Id.)*

6          Under California law, special damages must be plead with specificity. (*MacLeod v.*

7   *Tribune Publishing Co.* (1959) 52 Cal.2d 536, 547-548; *Emerald Bay Community Assn. v.*

8   *Golden Eagle, Inc. Corp.* (2005) 130 Cal.App.4th 1078, 1095.) The complaint must allege not

9   only the special circumstances relied on but also that the special circumstances were known to

10  the defendant to be the probable consequences of a breach at the time the contract was entered.

11  (*Shook v. Pearson* (1950) 99 Cal.App.2d 348, 350.)

12         Here, TRAYLOR clearly fails to meet the FRCP 9(g) special damages pleading

13  requirements in its breach of contract action. What portion of TRAYLOR principal damages

14  claim of $12,324,052 as listed in Exhibit "B" are special damages and what special damages

15  TRAYLOR may assert is recoverable in excess of Exhibit "B" is uncertain and undefined, in

16  violation in federal statute and California substantive law. Accordingly, all references to

17  contract special and consequential damages in the complaint and prayer, must be stricken.

18         Alternatively, if the court chooses to give TRAYLOR leave to amend to attempt to

19  plead special damages, the court is respectfully requested to require TRAYLOR to allege not

20  only the special circumstances relied on but also facts supporting that the special circumstances

21  known to DISTRICT to be the probable consequences of the breach at the time the contract

22  was entered. (*Shook v. Pearson*, *supra*.) Further, TRAYLOR should identify the specific

23  item(s) in Exhibit "B" for which special damages are included and/or identify the nature of the

24  damages claim in excess of Exhibit "B".

25  ///

26  ///

27  ///

28

08 CV 1019L JMA

1

**5.**

2

**CONCLUSION**

3      Plaintiff has clearly violated FRCP 9(g), by failing to allege special damages as

4  required. The court is respectfully requested to grant this motion and strike the special and

5  consequential damages allegations.

6                                              Respectfully submitted,

7  DATED: June 30, 2008                    DALEY & HEFT

8

9                                          BY:s/Neal S. Meyers
                                              NEAL S. MEYERS
10                                             SCOTT NOYA
                                              Attorneys for Defendant,
11                                             SAN DIEGO UNIFIED PORT DISTRICT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08 CV 1019L JMA

1  DALEY & HEFT
   NEAL S. MEYERS, ESQ. (STATE BAR NO. 109625)
2  SCOTT NOYA, ESQ. (STATE BAR NO. 137978)
   462 STEVENS AVENUE, SUITE 201
3  SOLANA BEACH, CA  92075
   PHONE:  (858) 755-5666
4

5  Attorneys for Defendant,
   SAN DIEGO UNIFIED PORT DISTRICT
6

7

8                 UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10 TRAYLOR BROS., INC., an Indiana          )   Case No. 08 CV 1019L JMA
   corporation doing business as TRAYLOR    )
11 PACIFIC,                                 )   **CERTIFICATE OF SERVICE**
                                            )
12              Plaintiff,                  )
                                            )
13 v.                                       )
                                            )
14 SAN DIEGO UNIFIED PORT DISTRICT, a       )
   California public corporation,           )
15                                          )
                Defendant.                  )
16 ─────────────────────────────────────── )

17       I, JANIE WELLE certify and declare as follows:

18       1. I am over the age of 18 years and not a party to this action.

19       2. I caused to be served the following document via electronic mail:

20 **DEFENDANT SAN DIEGO UNIFIED PORT DISTRICT'S NOTICE OF MOTION**

21 **AND MOTION TO STRIKE CLAIMS AND ALLEGATIONS IN PLAINTIFF'S**

22 **COMPLAINT [FRCP 9(g)]; MEMORANDUM OF POINTS AND AUTHORITIES IN**

23 **SUPPORT**

24       3. **Electronic Mail Notice List**

25       The following are those who are currently on the list to receive e-mail notices for this

26 case:

27 ///

28 ///

─────────────────────────────────────
                    1
                                              08 CV 1019L JMA

1

Robert P Allenby
allenby@shlaw.com,matheny@shlaw.com

2

I declare under the penalty of perjury that the foregoing is true and correct.

3

Executed on June 30, 2008 in Solana Beach, California.

4

5

6

JANIE WELLE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08 CV 1019L JMA