1  DALEY & HEFT
   NEAL S. MEYERS, ESQ. (STATE BAR NO. 109625)
2  SCOTT NOYA, ESQ. (STATE BAR NO. 137978)
   462 STEVENS AVENUE, SUITE 201
3  SOLANA BEACH, CA  92075
   PHONE:  (858) 755-5666
4

5  DUANE E. BENNETT (STATE BAR NO. 110202)
   PORT ATTORNEY
6  DAVID R. CATALINO (STATE BAR NO. 144552)
   DEPUTY PORT ATTORNEY
7  SAN DIEGO UNIFIED PORT DISTRICT
   3165 PACIFIC HIGHWAY
8  P.O. BOX 120488
   SAN DIEGO, CA 92112-0488
9  TELEPHONE: (619) 686-6219
   FACSIMILE: (619) 686-6444
10

11 Attorneys for Defendant,
   SAN DIEGO UNIFIED PORT DISTRICT
12

13              **UNITED STATES DISTRICT COURT**

14            **SOUTHERN DISTRICT OF CALIFORNIA**

15 TRAYLOR BROS., INC., an Indiana          )   Case No. 08 CV 1019L JMA
   corporation doing business as TRAYLOR    )
16 PACIFIC,                                 )   **DEFENDANT SAN DIEGO UNIFIED**
                                            )   **PORT DISTRICT'S NOTICE OF**
17              Plaintiff,                   )   **MOTION TO DISMISS FOR FAILURE**
                                            )   **TO STATE A CLAIM UPON WHICH**
18 v.                                       )   **RELIEF CAN BE GRANTED [FRCP**
                                            )   **12(b)(6)]; MEMORANDUM OF POINTS**
19 SAN DIEGO UNIFIED PORT DISTRICT, a       )   **AND AUTHORITIES IN SUPPORT;**
   California public corporation,           )   **REQUEST FOR JUDICIAL NOTICE**
20                                          )
              Defendant.                     )   **[NO ORAL ARGUMENT PER LOCAL**
21 _____ )   **RULE]**

22                                              **DATE:** August 18, 2008
                                                **TIME:** 10:30 a.m.
23                                              **COURTROOM:** 11
                                                **DISTRICT JUDGE:** M. James Lorenz
24                                              **MAGISTRATE JUDGE:** Jan M. Adler

25

26 **TO: PLAINTIFF AND ITS ATTORNEY OF RECORD:**

27       **PLEASE TAKE NOTICE** that on August 18, 2008 at 10:30 or as soon thereafter as

28 the matter may be heard in Courtroom 11 of the above-entitled court, located at 880 Front

─────────────────────────────────────────────
                        1

Street, Room 4290, San Diego, California, defendant SAN DIEGO UNIFIED PORT

DISTRICT (hereinafter "PORT") will move the court pursuant to FRCP 12(b)(6), for an order

dismissing parts of plaintiff's Complaint on the following grounds:

1. Plaintiff's Third Claim for Relief fails to state a cause of action on which relief can

be granted.

This motion will be based on this notice and motion, the memorandum of points and

authorities filed herewith, the exhibits filed herewith, the request for judicial notice, and the

pleadings and papers filed herein.

DATED: June 30, 2008                    DALEY & HEFT


BY:s/Neal S. Meyers
   NEAL S. MEYERS
   SCOTT NOYA
   Attorneys for Defendant,
   SAN DIEGO UNIFIED PORT DISTRICT

2

1  DALEY & HEFT
   NEAL S. MEYERS, ESQ. (STATE BAR NO. 109625)
2  SCOTT NOYA, ESQ. (STATE BAR NO. 137978)
   462 STEVENS AVENUE, SUITE 201
3  SOLANA BEACH, CA  92075
   PHONE:  (858) 755-5666
4

5  DUANE E. BENNETT (STATE BAR NO. 110202)
   PORT ATTORNEY
6  DAVID R. CATALINO (STATE BAR NO. 144552)
   DEPUTY PORT ATTORNEY
7  SAN DIEGO UNIFIED PORT DISTRICT
   3165 PACIFIC HIGHWAY
8  P.O. BOX 120488
   SAN DIEGO, CA 92112-0488
9  TELEPHONE: (619) 686-6219
   FACSIMILE: (619) 686-6444
10

11 Attorneys for Defendant,
   SAN DIEGO UNIFIED PORT DISTRICT
12

13           **UNITED STATES DISTRICT COURT**

14          **SOUTHERN DISTRICT OF CALIFORNIA**

15 TRAYLOR BROS., INC., an Indiana       )   Case No. 08 CV 1019L JMA
   corporation doing business as TRAYLOR )
16 PACIFIC,                              )   **MEMORANDUM OF POINTS AND**
                                         )   **AUTHORITIES IN SUPPORT OF**
17           Plaintiff,                  )   **DEFENDANT SAN DIEGO UNIFIED**
                                         )   **PORT DISTRICT'S NOTICE OF**
18 v.                                    )   **MOTION TO DISMISS FOR FAILURE**
                                         )   **TO STATE A CLAIM FOR WHICH**
19 SAN DIEGO UNIFIED PORT DISTRICT, a    )   **RELIEF CAN BE GRANTED [FRCP**
   California public corporation,        )   **12(b)(6)]**
20                                       )
           Defendant.                    )   **[NO ORAL ARGUMENT PER LOCAL**
21 _____)   **RULE]**

22                                           **DATE:** August 18, 2008
                                             **TIME:** 10:30 a.m.
23                                           **COURTROOM:** 11
                                             **DISTRICT JUDGE:** M. James Lorenz
24                                           **MAGISTRATE JUDGE:** Jan M. Adler

25
           Defendant SAN DIEGO UNIFIED PORT DISTRICT submits the following points and
26
   authorities in support of its motion to dismiss pursuant to FRCP 12(b)(6).
27
   ///
28
                                      **1**

**1.**

## SUMMARY OF ARGUMENT

Plaintiff TRAYLOR BROTHERS, INC.'s Third Claim for Relief pleads a cause of action for "Violation of Public Contract Code section 7104". As set forth in this motion, there is no support for plaintiff's effort to plead this statute as a private right of action. Accordingly, the Court is requested to dismiss the Third Claim for Relief in its entirety.

**2.**

## STATEMENT OF FACTS

On or about July 28, 2005, plaintiff TRAYLOR PACIFIC (hereinafter "TRAYLOR") and SAN DIEGO UNIFIED PORT DISTRICT (hereinafter "DISTRICT") executed a written construction contract. (Complaint, paragraph 13.) The contract amount was approximately $16,000,000.00. (Complaint, paragraph 13.) Broadly speaking, the contract involved the demolition and removal of certain existing piers and launch way structures, the dredging and disposal of contaminants, bay sediment, the placement of an engineered cap to encapsulate and contain contaminants buried in the bay floor in and about the former Campbell Shipyard and certain maintenance dredging. (Complaint, paragraph 11.)

In its First Claim for Relief for Breach of Contract, TRAYLOR alleges, among other breaches that DISTRICT breached the contract when it "...fail[ed] and refus[ed] to issue change orders providing TRAYLOR with the extensions and/or additional compensation for extra work necessitated by differing site conditions affecting excavation work performed by TRAYLOR at an elevation at least four feet below the surface upon timely notice from TRAYLOR of the differing site condition as required by California Public Contract Code section 7104". [Complaint, paragraph 20, subparagraph (i)], "forcing TRAYLOR to perform extra work not called for under the contract, including under protest, without affording TRAYLOR the time extensions and/or additional compensation for the reasonable value of the extra work performed under protest by TRAYLOR PACIFIC." (Complaint, paragraph 20,

///

1    subparagraph (j).) TRAYLOR alleges general, special and consequential damages caused by

2    the breach.[1]

3         In addition to TRAYLOR alleging in the First Claim for Relief the DISTRICT

4    breached the contract by failing and refusing to issue a change order due to differing site

5    conditions as required by California Public Contract Code section 7104, TRAYLOR again

6    alleges the DISTRICT violated "...its contractual and statutory obligations under California

7    Public Contract Code section 7104" (Complaint, paragraph 33), in a separate Third Claim for

8    Relief entitled, "Violation of Public Contract Code section 7104" alleging a list of general and

9    special damages as a result. (Complaint, paragraph 33.)

10        DISTRICT brings this motion since TRAYLOR's attempt to plead violation of Public

11   Contract Code section 7104 as a statutory private right of action is unsupported by law.

12                                        **3.**

13          **THERE IS NO PRIVATE RIGHT OF ACTION FOR VIOLATION**

14                    **OF PUBLIC CODE SECTION 7104**

15   **(a)     Public Contract Code Section 7104:**

16   Quoted in its entirety, California Public Contract Code section 7104, states as follows:

17   **7104**. Any public works contract of a local public entity which involves digging
     trenches or other excavations that extend deeper than four feet below the surface shall
18   contain a clause which provides the following:

19          (a) That the contractor shall promptly, and before the following conditions are
            disturbed, notify the local public entity, in writing, of any:
20
21              (1) Material that the contractor believes may be material that is
                hazardous waste, as defined in Section 25117 of the Health and Safety
                Code, that is required to be removed to a Class I, Class II, or Class III
22              disposal site in accordance with provisions of existing law.

23              (2) Subsurface or latent physical conditions at the site differing from
                those indicated by information about the site made available to bidders
24              prior to the deadline for submitting bids.

25              (3) Unknown physical conditions at the site of any unusual nature,
                different materially from those ordinarily encountered and generally
26

27   _____

     [1]District has brought a separate FRCP 9(g) motion to strike the special and consequential
28    damage allegations.

                                        **3**

recognized as inherent in work of the character provided for in the contract.

(b) That the local public entity shall promptly investigate the conditions, and if it finds that the conditions do materially so differ, or do involve hazardous waste, and cause a decrease or increase in the contractor's cost of, or the time required for, performance of any part of the work shall issue a change order under the procedures described in the contract.

(c) That, in the event that a dispute arises between the local public entity and the contractor whether the conditions materially differ, or involve hazardous waste, or cause a decrease or increase in the contractor's cost of, or time required for, performance of any part of the work, the contractor shall not be excused from any scheduled completion date provided for by the contract, but shall proceed with all work to be performed under the contract. The contractor shall retain any and all rights provided either by contract or by law which pertain to the resolution of disputes and protests between the contracting parties.[2]

This section was enacted in 1989 as a method to allocate certain construction risks between the public entity and contractor as a matter of public policy. (<u>Condon-Johnson & Associates, Inc. v. Sacramento Municipal Utility District</u> (2007) 149 Cal.App.4th 1384.) In <u>Condon-Johnson</u>, the section was used to exclude from jury consideration certain disclaimers the court found inconsistent with 7104 under the narrow and specific facts of that case. (<u>Id</u>.) No case supports its independent use as a private right of action for the recovery of contractual or extra contractual damages, nor does the statute support such an interpretation.

(b)      **Private Rights of Action:**

"Adoption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute. Such a private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature *intended* to create such a right to sue for damages. If the Legislature intends to create a private cause of action, we generally assume it will do so "'directly[,] ...in clear understandable, unmistakable terms...'." (Emphasis included.) (<u>Vikco Insurance Services, Inc. v. Ohio Indemnity Company</u> (1999) 70 Cal.App.4th 55, 62-63, citing, <u>Moradi-Shalal v. Firemans Fund Ins. Companies</u> (1988) 46 Cal.3d 287, 294-295.)

---

[2]This quotation includes some language added to the statute by an amendment in 2006, after the contract was executed. These additions are not pertinent to this discussion.

**4**

1   For example, lacking clear, understandable, unmistakeable terms, the California

2   Supreme Court found that the comprehensive statutes regulating insurance claims handling do

3   not support a private right of action. (Moradi-Shalal v. Firemans Fund Ins., supra, 46 Cal.3d

4   287.) In Vikco Insurance, supra, the court held that the violation of a written 120 days notice of

5   termination statute involving written agency or written brokerage contracts did not support a

6   private right of action.

7   **(c)**    **Public Contract Code 7104 Contains No Intent to Create A Private Right**

8   **of Action:**

9   Public Contract Code section 7104 does not include any language suggesting a

10  legislative intent to create in clear, understandable, unmistakable or any other terms the right to

11  sue for damages under this statute as TRAYLOR pleads in this case. Further, no such intent

12  exists in the legislative history of the statute. Attached as Exhibits "A" and "B".[3] Neither the

13  Legislative Counsel's Digest for then Senate Bill No. 1470 as amended (Exhibit "A") or as

14  chaptered (Exhibit "B") describe any such intent.

15  Absent a statutory basis to assert TRAYLOR's Third Claim for Relief, it must be

16  dismissed.

17  **4.**

18  **CONCLUSION**

19  For the reasons stated above, the Court is respectfully requested to dismiss the Third

20  Claim of Relief since it fails to state a claim.

21  Respectfully submitted,

22  DATED: June 30, 2008    DALEY & HEFT

23

24  BY:s/Neal S. Meyers _____
    NEAL S. MEYERS
    SCOTT NOYA

25  Attorneys for Defendant,
    SAN DIEGO UNIFIED PORT DISTRICT

26

27  [3]Port requests the Court take judicial notice of these exhibits pursuant to Federal Rule of Evidence

28  201.

**5**

1  DALEY & HEFT
   NEAL S. MEYERS, ESQ. (STATE BAR NO. 109625)
2  SCOTT NOYA, ESQ. (STATE BAR NO. 137978)
   462 STEVENS AVENUE, SUITE 201
3  SOLANA BEACH, CA  92075
   PHONE:  (858) 755-5666
4

5  DUANE E. BENNETT (STATE BAR NO. 110202)
   PORT ATTORNEY
6  DAVID R. CATALINO (STATE BAR NO. 144552)
   DEPUTY PORT ATTORNEY
7  SAN DIEGO UNIFIED PORT DISTRICT
   3165 PACIFIC HIGHWAY
8  P.O. BOX 120488
   SAN DIEGO, CA 92112-0488
9  TELEPHONE: (619) 686-6219
   FACSIMILE: (619) 686-6444
10

11 Attorneys for Defendant,
   SAN DIEGO UNIFIED PORT DISTRICT
12

13            UNITED STATES DISTRICT COURT

14          SOUTHERN DISTRICT OF CALIFORNIA

15 TRAYLOR BROS., INC., an Indiana      )  Case No. 08 CV 1019L JMA
   corporation doing business as TRAYLOR )
16 PACIFIC,                              )  REQUEST FOR JUDICIAL NOTICE IN
                                         )  SUPPORT OF DEFENDANT SAN
17            Plaintiff,                 )  DIEGO UNIFIED PORT DISTRICT'S
                                         )  MOTION TO DISMISS FOR FAILURE
18 v.                                    )  TO STATE A CLAIM UPON WHICH
                                         )  RELIEF CAN BE GRANTED [FRCP
19 SAN DIEGO UNIFIED PORT DISTRICT, a    )  12(b)(6)]
   California public corporation,        )
20                                       )  [NO ORAL ARGUMENT PER LOCAL
              Defendant.                 )  RULE]
21 _____ )
                                            DATE: August 18, 2008
22                                          TIME: 10:30 a.m.
                                            DEPT: 11
23                                          DISTRICT JUDGE: M. James Lorenz
                                            MAGISTRATE JUDGE: Jan M. Adler
24

25        Although a court may not normally consider evidence outside of the complaint itself in

26 ruling on a motion to dismiss under FRCP 12(b)(6), there are limited situations in which a

27 "court may take judicial notice of facts outside the pleadings." (*Mack v. South Bay Beer*

28

                                  1

1  *Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (overruled on other grounds by *Astoria*

2  *Federal Savings & Loan Association v. Solimino*, 501 U.S. 104 (1991).) On a motion to

3  dismiss a court may properly look beyond the complaint to matters of public record. (*Mack,*

4  *supra*, 798 F.2d 1282.) The Court may take judicial notice of the contents of public records.

5  (*MGIC Indemnity Corporation v. Weisman*, 803 F.2d 500 (9th Cir. 1986).) Files and

6  determinations of public agencies are subject to judicial notice. (*Furnari v. Warden*, 218 F.3d,

7  250 (3rd Cir. 2000); *Fornalik v. Perryman*, 223 F.3d 523 (7th Cir. 2000).)

8        Here, defendants respectfully request that the Court take judicial notice of the following

9  records of public agencies:

10        **Exhibit A:**    Legislative Counsel Digest, Senate Bill 1470;

11        **Exhibit B:**    Chapter, 330 for Senate Bill 1470;

12        **Exhibit C:**    Declaration of Maria A. Sanders.

13            Respectfully submitted,

14  DATED: June 30, 2008      DALEY & HEFT

15

16        BY:s/Neal S. Meyers

17        NEAL S. MEYERS
          SCOTT NOYA

18        Attorneys for Defendant,
          SAN DIEGO UNIFIED PORT DISTRICT

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

Traylor Bros., Inc. v. San Diego Unified Port District
U.S. District Court Southern District of California 08 CV 1019L JMA

**Exhibit A:**    Legislative Counsel Digest, Senate Bill 1470         A1-3

**Exhibit B:**    Chapter, 330 for Senate Bill 1470;                   B4-5

**Exhibit C:**    Declaration of Maria A. Sanders.                     C6-7

**EXHIBIT  A**

AMENDED IN ASSEMBLY JULY 17, 1989

AMENDED IN SENATE MAY 10, 1989

## SENATE BILL                                    No. 1470

### Introduced by Senator Campbell

March 10, 1989

An act to add Section 7104 to the Public Contract Code, relating to public works.

LEGISLATIVE COUNSEL'S DIGEST

SB 1470, as amended, Campbell.  Public works contracts: change orders.

Existing law contains various criteria and requirements applicable to public works contracts.

This bill would require that any public works contract of a local public entity which involves digging trenches or other excavations that extend deeper than 4 feet below the surface contain a clause which provides: (1) that the contractor is required to notify the ~~owner or owner's representative~~ *public entity* of specified conditions concerning hazardous waste, subsurface or latent conditions or unknown physical conditions, ~~and~~ (2) that the ~~owner, or owner's representative~~ *public entity*, is required to promptly investigate the conditions, and if ~~he or she~~ *it* makes certain findings regarding the conditions, that a change order shall be issued under the procedures described in the contract ~~for issuance of change orders~~, *and (3) that, as specified, in the event a dispute arises between the public entity and the contractor, that the contractor shall not be excused from performance.*

Vote: majority. Appropriation: no. Fiscal committee: no. State-mandated local program: no.

LEGISLATIVE INTENT SERVICE    (800) 666-1917



97  40

LIS-1c

A
1

SB 1470                    — 2 —

*The people of the State of California do enact as follows:*

1    SECTION 1. Section 7104 is added to the Public
2  Contract Code, to read:
3    7104.  Any public works contract of a local public
4  entity which involves digging trenches or other
5  excavations that extend deeper than four feet below the
6  surface shall contain a clause which provides the
7  following:
8    (a)  That the contractor shall promptly, and before the
9  following conditions are disturbed, notify ~~the owner, or~~
10  ~~owner's representative, in writing~~ *the public entity, in*
11  *writing,* of any:
12    (1)  Material that the contractor believes may be
13  material that is hazardous waste, as defined in Section
14  25117 of the Health and Safety Code, that is required to
15  be removed to a Class I, Class II, or Class III disposal site
16  in accordance with provisions of existing law.
17    (2)  Subsurface or latent physical conditions at the site
18  differing from those indicated.
19    (3)  Unknown physical conditions at the site of any
20  unusual nature, different materially from those ordinarily
21  encountered and generally recognized as inherent in
22  work of the character provided for in the contract.
23    ~~(b)  That the owner, or owner's representative, shall~~
24    (b)  *That the public entity shall* promptly investigate
25  the conditions, and if ~~he or she~~ *it* finds that the conditions
26  do materially so differ, or do involve hazardous waste,
27  and cause a decrease or increase in the contractor's cost
28  of, or the time required for, performance of any part of
29  the work~~; whether or not changed as a result of the~~
30  ~~conditions, that a change order shall be issued under the~~
31  ~~procedures described in the contract for issuance of~~
32  ~~change orders.~~  *shall issue a change order under the*
33  *procedures described in the contract.*
34    (c)  *That, in the event that a dispute arises between the*
35  *public entity and the contractor whether the conditions*
36  *materially differ, or involve hazardous waste, or cause a*
37  *decrease or increase in the contractor's cost of, or time*
38  *required for, performance of any part of the work, the*

LEGISLATIVE INTENT SERVICE     (800) 666-1917

A
2

— 3 —                         SB 1470

1 contractor shall not be excused from any scheduled
2 completion date provided for by the contract, but shall
3 proceed with all work to be performed under the
4 contract. The contractor shall retain any and all rights
5 provided either by contract or by law which pertain to
6 the resolution of disputes and protests between the
7 contracting parties.

LEGISLATIVE INTENT SERVICE    (800) 666-1917



97  70

A
3

**EXHIBIT  B**

Senate Bill No. 1470

CHAPTER 330

An act to add Section 7104 to the Public Contract Code, relating to public works.

[Approved by Governor September 8, 1989. Filed with
Secretary of State September 8, 1989.]

LEGISLATIVE COUNSEL'S DIGEST

SB 1470, Campbell.  Public works contracts: change orders.

Existing law contains various criteria and requirements applicable to public works contracts.

This bill would require that any public works contract of a local public entity which involves digging trenches or other excavations that extend deeper than 4 feet below the surface contain a clause which provides: (1) that the contractor is required to notify the public entity of specified conditions concerning hazardous waste, subsurface or latent conditions or unknown physical conditions, (2) that the public entity, is required to promptly investigate the conditions, and if it makes certain findings regarding the conditions, that a change order shall be issued under the procedures described in the contract, and (3) that, as specified, in the event a dispute arises between the public entity and the contractor, that the contractor shall not be excused from performance.

*The people of the State of California do enact as follows:*

SECTION 1.   Section 7104 is added to the Public Contract Code, to read:

7104.   Any public works contract of a local public entity which involves digging trenches or other excavations that extend deeper than four feet below the surface shall contain a clause which provides the following:

(a) That the contractor shall promptly, and before the following conditions are disturbed, notify the public entity, in writing, of any:

(1)  Material that the contractor believes may be material that is hazardous waste, as defined in Section 25117 of the Health and Safety Code, that is required to be removed to a Class I, Class II, or Class III disposal site in accordance with provisions of existing law.

(2)  Subsurface or latent physical conditions at the site differing from those indicated.

(3)  Unknown physical conditions at the site of any unusual nature, different materially from those ordinarily encountered and generally recognized as inherent in work of the character provided for in the contract.

(b) That the public entity shall promptly investigate the

LEGISLATIVE INTENT SERVICE    (800) 666-1917



95   60

Ch. 330                    — 2 —

conditions, and if it finds that the conditions do materially so differ, or do involve hazardous waste, and cause a decrease or increase in the contractor's cost of, or the time required for, performance of any part of the work shall issue a change order under the procedures described in the contract.

(c) That, in the event that a dispute arises between the public entity and the contractor whether the conditions materially differ, or involve hazardous waste, or cause a decrease or increase in the contractor's cost of, or time required for, performance of any part of the work, the contractor shall not be excused from any scheduled completion date provided for by the contract, but shall proceed with all work to be performed under the contract. The contractor shall retain any and all rights provided either by contract or by law which pertain to the resolution of disputes and protests between the contracting parties.

O

95   60

LEGISLATIVE INTENT SERVICE    (800) 666-1917



B
5

**EXHIBIT C**



# LEGISLATIVE
# INTENT SERVICE, INC.

712 Main Street, Suite 200, Woodland, CA 95695
(800) 666-1917 • Fax (530) 668-5866 • www.legintent.com

## DECLARATION OF MARIA A. SANDERS

I, Maria A. Sanders, declare:

I am an attorney licensed to practice in California, State Bar No. 092900, and am employed by Legislative Intent Service, Inc., a company specializing in researching the history and intent of legislation.

Under my direction and the direction of other attorneys on staff, the research staff of Legislative Intent Service, Inc. undertook to locate and obtain all documents relevant to the enactment of Senate Bill 1470 of 1989. Senate Bill 1470 was approved by the Legislature and was enacted as Chapter 330 of the Statutes of 1989.

The following list identifies all documents obtained by the staff of Legislative Intent Service, Inc. on Senate Bill 1470 of 1989. All listed documents have been forwarded with this Declaration except as otherwise noted in this Declaration. All documents gathered by Legislative Intent Service, Inc. and all copies forwarded with this Declaration are true and correct copies of the originals located by Legislative Intent Service, Inc. In compiling this collection, the staff of Legislative Intent Service, Inc. operated under directions to locate and obtain all available material on the bill.

### SENATE BILL 1470 OF 1989:

1. All versions of Senate Bill 1470 (Campbell-1989);
2. Procedural history of Senate Bill 1470 from the 1989-90 Senate Final History;
3. Analysis of Senate Bill 1470 prepared for the Senate Committee on Governmental Organization;
4. Material from the legislative bill file of the Senate Committee on Governmental Organization on Senate Bill 1470;
5. Third Reading analysis of Senate Bill 1470 prepared by the Office of Senate Floor Analyses;
6. Analysis of Senate Bill 1470 prepared for the Assembly Committee on Governmental Efficiency and Consumer Protection;

**C
6**

7.  Material from the legislative bill file of the Assembly Committee on Governmental Efficiency and Consumer Protection on Senate Bill 1470;

8.  Material from the legislative bill file of the Assembly Republican Caucus on Senate Bill 1470;

9.  Unfinished Business and Special Consent analyses of Senate Bill 1470 prepared by the Office of Senate Floor Analyses;

10. Legislative Counsel's Rule 26.5 analysis of Senate Bill 1470;

11. Material from the legislative bill file of Senator William Campbell on Senate Bill 1470;

12. Post-enrollment documents regarding Senate Bill 1470;

13. Press Release #539 issued by the Office of the Governor on September 11, 1989 to announce that Senate Bill 1470 had been signed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 24th day of June, 2008 at Woodland, California.


MARIA A. SANDERS

1  DALEY & HEFT
   NEAL S. MEYERS, ESQ. (STATE BAR NO. 109625)
2  SCOTT NOYA, ESQ. (STATE BAR NO. 137978)
   462 STEVENS AVENUE, SUITE 201
3  SOLANA BEACH, CA  92075
   PHONE:  (858) 755-5666
4

5  Attorneys for Defendant,
   SAN DIEGO UNIFIED PORT DISTRICT
6

7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10  TRAYLOR BROS., INC., an Indiana          )  Case No. 08 CV 1019L JMA
    corporation doing business as TRAYLOR    )
11  PACIFIC,                                 )  **CERTIFICATE OF SERVICE**
                                             )
12            Plaintiff,                     )
                                             )
13  v.                                       )
                                             )
14  SAN DIEGO UNIFIED PORT DISTRICT, a       )
    California public corporation,           )
15                                           )
              Defendant.                     )
16  _____ )

17      I, JANIE WELLE certify and declare as follows:

18      1. I am over the age of 18 years and not a party to this action.

19      2. I caused to be served the following document via electronic mail:

20  **DEFENDANT SAN DIEGO UNIFIED PORT DISTRICT'S NOTICE OF MOTION TO**

21  **DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE**

22  **GRANTED [FRCP 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN**

23  **SUPPORT; REQUEST FOR JUDICIAL NOTICE**

24      3. **Electronic Mail Notice List**

25      The following are those who are currently on the list to receive e-mail notices for this

26  case:

27  ///

28  ///

1

08 CV 1019L JMA

1   Robert P Allenby
    allenby@shlaw.com,matheny@shlaw.com
2
    I declare under the penalty of perjury that the foregoing is true and correct.
3
Executed on June 30, 2008 in Solana Beach, California.
4

5

6                                       _____
                                                JANIE WELLE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28