Gary L. Hoffman, Esq. (SBN 121641)
Tracy L. Hughes, Esq. (SBN 232283)
Koeller, Nebeker, Carlson & Haluck, LLP
3 Park Plaza, Suite 1500
Irvine, CA 92614-8558
949-864-3400; fax: 949-864-9000

Attorneys for Defendant,
SAN DIEGO UNIFIED PORT DISTRICT

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAYLOR BROS., INC., an Indiana Corporation doing business as TRAYLOR PACIFIC,<br><br>    Plaintiff,<br><br>v.<br><br>SAN DIEGO UNIFIED PORT DISTRICT, a California public corporation,<br><br>    Defendant. | Case No. 08 CV 1019L JMA<br><br>**ANSWER OF DEFENDANT SAN DIEGO UNIFIED PORT DISTRICT TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Courtroom:   11<br>District Judge:   Hon. M. James Lorenz<br>Magistrate Judge:   Hon. Jan M. Adler |

**COMES NOW** Defendant, SAN DIEGO UNIFIED PORT DISTRICT (hereinafter referred to as "DEFENDANT") and for its answer to plaintiff's Complaint states as follows:

## PARTIES

1.   This DEFENDANT lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the allegations pled in paragraph 1 of plaintiff's Complaint.

2.   This DEFENDANT admits the allegations pled in paragraph 2 of plaintiff's Complaint.

## JURISDICTION

3.   This DEFENDANT lacks knowledge or information sufficient to form a belief as

1

1  to the truth of these allegations, and therefore denies the allegations pled in paragraph 3 of
2  plaintiff's Complaint.

3      4.    This DEFENDANT admits the allegations pled in paragraph 4 of plaintiff's
4  Complaint.

5      5.    This DEFENDANT admits the allegations pled in paragraph 5 of plaintiff's
6  Complaint.

7      6.    This DEFENDANT lacks knowledge or information sufficient to form a belief as
8  to the truth of these allegations, and therefore denies the allegations pled in paragraph 6 of
9  plaintiff's Complaint.

10  **VENUE**

11      7.    This DEFENDANT admits the allegations pled in paragraph 7 of plaintiff's
12  Complaint.

13      8.    This DEFENDANT admits the allegations pled in paragraph 8 of plaintiff's
14  Complaint.

15      9.    This DEFENDANT admits the allegations pled in paragraph 9 of plaintiff's
16  Complaint.

17      10.    This DEFENDANT lacks knowledge or information sufficient to form a belief as
18  to the truth of these allegations, and therefore denies the allegations pled in paragraph 10 of
19  plaintiff's Complaint.

20  **GENERAL ALLEGATIONS**

21      11.    This DEFENDANT admits the allegations pled in paragraph 11 of plaintiff's
22  Complaint.

23      12.    This DEFENDANT admits the allegations pled in paragraph 12 of plaintiff's
24  Complaint.

25      13.    This DEFENDANT denies the allegations pled at paragraph 13, lines 8-9 and
26  admits the remaining allegations pled in paragraph 13 of plaintiff's Complaint.

27  ///

28

**ANSWER OF DEFENDANT SAN DIEGO UNIFIED PORT DISTRICT TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

14. This DEFENDANT admits the allegations pled in paragraph 14, lines 16-24 of plaintiff's Complaint and denies the allegations at lines 24-27. This DEFENDANT admits to the allegations at page 4, line 27 to page 5, line 9. This DEFENDANT denies the allegations pled at page 5, lines 9 to 20 and admits the remaining statements in the paragraph.

15. This DEFENDANT admits that it recorded a Notice of Completion on or about December 7, 2007 and that the PORT and TRAYLOR executed a release document on or about April 22, 2007 and denies or lacks knowledge or information sufficient to form a belief about the truth of the rest of the paragraph.

16. This DEFENDANT denies the allegations pled in paragraph 16 of plaintiff's Complaint.

17. This DEFENDANT denies the allegations pled in paragraph 17 of plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF

(Breach of Contract)

18. This DEFENDANT incorporates all matters answered in all preceding paragraphs of this Complaint as though such answers are set forth herein.

19. This DEFENDANT denies the allegations pled in paragraph 19 of plaintiff's Complaint.

20. This DEFENDANT denies the allegations pled in paragraph 20 of plaintiff's Complaint.

21. This DEFENDANT denies the allegations pled in paragraph 21 of plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF

(Negligence, Breach of Implied Warranty of Contract Documents, and/or Misrepresentation/Omission of Material Facts)

22. The PORT incorporates all matters answered in all preceding paragraphs of this Complaint as though such answers are set forth herein.

23. This DEFENDANT denies or lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph 23, including, but not limited to the legal conclusions set forth therein, in plaintiff's Complaint.

24. This DEFENDANT denies the allegations pled in paragraph 24 of plaintiff's Complaint.

25. This DEFENDANT denies the allegations pled in paragraph 25 of plaintiff's Complaint.

26. This DEFENDANT denies the allegations pled in paragraph 26 of plaintiff's Complaint.

27. This DEFENDANT denies the allegations pled in paragraph 27 of plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF

(Common Counts – Accounts Stated, Book Accounts, Money Had and Received, Quantum Valebant, Quantum Meruit)

28. This DEFENDANT incorporates all matters answered in all preceding paragraphs of this Complaint as though such answers are set forth herein.

29. This DEFENDANT denies the allegations pled in paragraph 29 of plaintiff's Complaint.

30. This DEFENDANT denies the allegations pled in paragraph 30 of plaintiff's Complaint.

31. This DEFENDANT does not have sufficient information to admit or deny the allegations in paragraph 31 of plaintiff's Complaint.

32. This DEFENDANT denies the allegations pled in paragraph 32 of plaintiff's Complaint.

33. This DEFENDANT denies the allegations pled in paragraph 33 of plaintiff's Complaint.

/ / /

34. This DEFENDANT denies or lacks sufficient information to admit the allegations pled in paragraph 34 of plaintiff's Complaint.

## FOURTH CLAIM FOR RELIEF

(Declaratory Relief Regarding Entitlement to Extra Time and Invalidity/Reimbursement of Liquidated Damages Withheld)

35. This DEFENDANT incorporates all matters answered in all preceding paragraphs of this Complaint as though such answers are set forth herein.

36. This DEFENDANT denies the allegations pled in paragraph 36 of plaintiff's Complaint.

37. This DEFENDANT admits TRAYLOR's contentions are reflected in lines 22 to 24 but denies the basis for those contentions. This DEFENDANT admits the remaining portion of the allegations pled in paragraph 37.

38. This DEFENDANT admits that TRAYLOR seeks such determination but denies the remaining allegations pled in paragraph 38 of plaintiff's Complaint.

39. This DEFENDANT denies the allegations pled in paragraph 39 of plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, defendant asserts that plaintiff has waived any and all claims that it may have or have had against defendant.

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, defendant asserts that the obligation set forth in the complaint was fully discharged by defendant's payment of the sums paid, which was the full amount due and was accepted by plaintiff.

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, defendant asserts that the obligation set forth in the Complaint was fully and/or partially discharged by an accord and satisfaction.

**FOURTH AFFIRMATIVE DEFENSE**

As a fourth affirmative defense, defendant asserts that plaintiff's unreasonable delay and conduct with respect to its performance of the contract bars plaintiff from recovery under the equitable doctrine of latches.

**FIFTH AFFIRMATIVE DEFENSE**

As a fifth affirmative defense, defendant asserts that plaintiff's unreasonable delay and conduct with respect to its performance of the contract bars plaintiff from recovery under the equitable doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

As a sixth affirmative defense, defendant asserts that plaintiff has fully and/or partially released any and all claims that it may have or had against defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

As a seventh affirmative defense, defendant asserts that plaintiff's Complaint, and each cause of action contained therein, is barred because plaintiff failed to present claims in compliance with the Government Claims Act, found in Government Code section 910, et seq. and related statutes. Any basis for plaintiff's recovery as set forth in the Complaint that was not subject to timely claim is barred.

**EIGHTH AFFIRMATIVE DEFENSE**

As an eighth affirmative defense, defendant asserts that plaintiff has failed to bring this action in a timely manner and has otherwise failed to maintain this action and each cause of action therein, within the Statute of Limitations, including, but not limited to California Code of Civil Procedure sections 337, 337.1, 337.15, 338. 339, and 340(3).

**NINTH AFFIRMATIVE DEFENSE**

As a ninth affirmative defense, defendant asserts that plaintiff's action is barred in part or

in full by plaintiff's failure to exhaust necessary administrative, judicial and/or internal contractual remedies, including the remedy of mandamus, before filing this action. This defense includes, but is not limited to plaintiff filing and serving the Complaint prior to invoking and/or exhausting the dispute and claim resolution requirements of the subject contract.

### TENTH AFFIRMATIVE DEFENSE

As a tenth affirmative defense, defendant asserts that awarding damages to plaintiff would be contrary to public policy because of plaintiff's own misconduct and unclean hands and further because plaintiff's claims violate provisions of the California Public Contract Code, including competitive bidding statutes.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh affirmative defense, defendant asserts that if any damages were sustained by plaintiff, which defendant denies, the damages were proximately caused by the acts and/or omissions of third parties over who defendant exercises no control and for whose acts defendant is not responsible.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth affirmative defense, defendant asserts that plaintiff has failed to allege special and/or consequential damages with sufficient specificity in which to state a claim for such damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth affirmative defense, defendant asserts that plaintiff has failed to mitigate its damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth affirmative defense, defendant asserts that plaintiff's Complaint is barred,

/ / /

or any recovery should be reduced, because of plaintiff's own neglect and fault in connection with the matters alleged.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth affirmative defense, defendant asserts that plaintiff's causes of action are barred under the doctrine of consent.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth affirmative defense, defendant asserts that at all times relevant herein, plaintiff knew of the risk of the contract activities, including, but not limited to the physical conditions ordinarily encountered and generally recognized as inherent in the work provided for the contract, and that plaintiff voluntarily and without duress assumed those risks such that plaintiff's assumption of the risk was the sole proximate cause of plaintiff's damages, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As an seventeenth affirmative defense, defendant asserts that the damages suffered by plaintiff, if any, were the actual proximate result of the negligence or other misconduct of parties, persons, corporations, or entities other than his defendant, and that this answering defendant's liability, if any, is limited in direct proposition to that percentage of fault actively attributable to this defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As an eighteenth affirmative defense, defendant asserts that the damages claimed by plaintiff, if any, are speculative, not reasonably susceptible to proof and do not form a reasonable basis for computing loss.

### NINETEENTH AFFIMATIVE DEFENSE

As a nineteeth affirmative defense, defendant asserts that any damages alleged by plaintiff are subject to a set-off, either partially or in the full amount of the alleged damages.

**WHEREFORE,** as to all claims for relief plead by plaintiff, defendant prays as follows:

1. That plaintiff take nothing by reason of its complaint, that judgment be rendered in favor of defendant;

2. That defendant be awarded its costs of suit incurred in defense of this action; and

3. For such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

SAN DIEGO UNIFIED PORT DISTRICT demands a trial by jury on all claims for relief for which a right to trial by jury exists.

DATED: December 18, 2008                    Koeller, Nebeker, Carlson & Haluck, LLP


                                            s/Tracy L. Hughes, Esq.
                                            _____
                                            Gary L. Hoffman, Esq.
                                            Tracy L. Hughes, Esq.
                                            Gary.Hoffman@knchlaw.com
                                            Tracy.Hughes@knchlaw.com
                                            Tracy L. Hughes, Esq.
                                            Attorneys for Defendant,
                                            SAN DIEGO UNIFIED PORT DISTRICT