UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRAYLOR BROS., INC., | ) | Civil No. 08cv1019-L(JMA) |
| Plaintiff, | )<br>)<br>) | **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE SEVENTH AFFIRMATIVE DEFENSE** |
| v. | ) | |
| SAN DIEGO UNIFIED PORT DISTRICT, | )<br>)<br>) | |
| Defendant. | )<br>) | |

Plaintiff Traylor Bros., Inc., an engineering and building contractor, claims that Defendant San Diego Unified Port District ("Port") failed to make final payment in full for Plaintiff's services under their contract for Sediment Remediation and Aquatic Enhancement, Former Campbell Shipyard Site, San Diego, California. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. In its answer to the First Amended Complaint, the Port included a defense that the action is barred because Plaintiff allegedly failed timely to present its claims in compliance with California Government Code Section 910 *et seq*. Plaintiff has moved to strike this defense pursuant to Federal Rule of Civil Procedure 12(f). For the reasons which follow, the motion is **GRANTED**.

Rule 12(f) gives the court authority to "strike from a pleading an insufficient defense." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc.*

*v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994), (internal quotaiton marks, brackets and citation omitted); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks and citations omitted); *see also Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, where "motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin.*, 883 F.2d at 1294. Therefore, "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Waste Mgmt Holdings*, 252 F.3d at 347. The relevant issue on a Rule 12(f) motion to strike an insufficient defense is whether as a matter of law the defense asserted is insufficient. *See Fabrica Italiana Lavorazione Materie Organiche, S.A. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 779 (11th Cir. 1982); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *see also Heller Fin.*, 883 F.2d at 1294.

Plaintiff argues that the defense is insufficient as a matter of law because the legal requirements of California Government Code Sections 910 *et seq*. do not apply. The Port counters that Plaintiff's motion depends on resolving issues of fact and that in making its argument, Plaintiff improperly relied on materials outside the pleadings.

"Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings." *Heller Fin.*, 883 F.2d at 1294. Plaintiff's motion can be resolved primarily by reliance on the allegations in the First Amended Complaint and answer, the contract, which was attached to the First Amended Complaint, and the Claims and Disputes provision, which was incorporated into the contract by reference but not attached to the complaint. The court can take judicial notice of the foregoing. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), superseded by statute on other grounds as stated in *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Gailbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *MGIC Indem.*

*Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

The basic requirement for claims asserted against local governmental entities in California is that a claim "must be presented in accordance with section 910 prior to the filing of a lawsuit. Excepted from that basic requirement, inter alia, are . . . alternative claims *procedures* provided for by contract . . .." *Arntz Builders v. City of Berkeley*, 166 Cal. App. 4th 276, 287 (2008) (internal quotation marks, brackets and citations omitted, emphasis in original). California Government Code Sections 930.2, 930.4 and 930.6, taken together, express the precept "that local agencies are authorized to include in a contract claims procedures that will *exclusively* govern the claims specified in the contract . . .." *Id*. at 288 (emphasis in original). "[T]he statutory claim presentation requirement found in section 905 does not apply to contractual claims."[1] *Id*. Generally, the contractual and statutory claims procedures are parallel and not sequential. *Id*. at 279, 289. However, the local entity may, "as a part of its contractual claims procedure, [include] a requirement that the claimant present a statutory claim as well." *Id*. at 291 (footnote omitted). "[I]f a local entity contract includes a claims procedure, that procedure exclusively governs the claims to which is applies unless the contract *expressly* requires the presentation of a statutory claim as well." *Id*. at 292 (emphasis in original).

Neither the contract nor the terms of its claims procedures are in dispute. It is undisputed that the contract includes detailed claims procedures. The parties disagree, however, about their legal effect.

The Port's Seventh Affirmative Defense alleges that Plaintiff's action

> is barred because plaintiff failed to present claims in compliance with the Government Claims Act, found in Government Code section 910 , et seq. and related statutes. Any basis for Plaintiff's recovery as set forth in the Complaint that was not subject to timely claim is barred.

California Government Code chapter beginning with section 910 addresses statutory claims. Because the contract between the parties provides detailed claim procedures, the statutory claims

---

[1] "For ease of reference we label claims required to be presented under sections 905 and 910 as 'statutory' claims, and claims procedures required by contract provisions as 'contractual' claims." *Id*. at 287 n.5.

procedures do not apply, "unless the contract *expressly* requires the presentation of the statutory claim as well." *Arntz*, 166 Cal. App. 4th at 292 (emphasis in original). The contract does not require, and does not mention, statutory claims procedures for claims of less or equal to $50,000 or more than $375,000. (*See* Pl.'s Notice of Lodgment, Ex. C, General Conditions, at p. 1C-67 to 73.)

In the First Amended Complaint, Plaintiff asserts 17 claims totaling approximately $12.3 million before interest. (First Am. Compl. Ex. B.) Of those, four claims exceed $375,000 each (claims no. 1, 2, 5 and 17). Adding to approximately $ 11 million, these claims comprise the bulk of the First Amended Complaint. The contract does not require statutory claims procedures as to these claims, and on the face of the pleadings, the Port's Seventh Affirmative Defense has no application as them.

For claims amounting to less than $375,000, the contract provides that

> If following a meet and confer conference, the claim or any portion remains in dispute, the Contractor may file a claim as provided in Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of Division 3.6 of Title 1 of the Government Code.

(Pl.'s Notice of Lodgment, Ex. C, General Conditions, at p. 1C-72 to 73.) The First Amended Complaint asserts 13 claims which each amount to less than $375,000 (claims no. 1-5, 7-11, 13, 15 & 17). (First Am. Compl. Ex. B.) With respect to these claims, the contract provides that Plaintiff "may" follow the statutory procedure. The parties disagree on the meaning of this provision. While the Port maintains that the provision means that the contractor must follow the statutory procedure if it wants to litigate the claim in court (Opp'n at 6), Plaintiff argues that the language is permissive and not mandatory, and that following the statutory procedure is not required to litigate the claim (Reply at 8).

Under California law, "the interpretation of contract provisions is . . . a legal issue . . ., unless the contract is ambiguous and its interpretation turns upon the credibility of witnesses or the resolution if factual disputes." *Arntz*, 166 Cal. App. 4th at 284. Neither party argues that interpretation of the claims procedure in this case depends on extrinsic evidence. Instead, each draws conflicting inferences from the contractual language. In cases such as this,

> As a rule, the language of an instrument must govern its interpretation if the language is clear and explicit. A court must view the language in light of the instrument as a whole and not use a disjointed, single-paragraph, strict construction approach'. If possible, the court should give effect to every provision. An interpretation which renders part of the instrument to be surplusage should be avoided.
>
> When an instrument is susceptible to two interpretations, the court should give the construction that will make the instrument lawful, operative, definite, reasonable and capable of being carried into effect and avoid an interpretation which will make the instrument extraordinary, harsh, unjust, inequitable or which would result in absurdity.

*City of El Cajon v. El Cajon Police Officers' Ass'n*, 49 Cal. App. 4th 64, 71 (1996) (internal quotation marks, citations and brackets omitted).

Viewing the reference to the statutory claims in the context of the entire Claims and Disputes section, the disputed language is susceptible to both parties' interpretations. In the context local entity contracts, the decision which interpretation should prevail is governed by law:

> it is only fair and equitable to require the local entity - the party who is devising and imposing the alternative claims procedure - to express its intent. It is no great burden for public entities to include, in any contract that contains a contractual claims procedure, a single sentence stating *clearly* that a statutory claim must also be presented prior to the filing of an action.

*Arntz*, 166 Cal. App. 4th at 292 (emphasis in original).

The contract in this case contains a detailed claims procedure and does not contain the requisite clear statement that presenting a statutory claim is also required prior to filing an action. Accordingly, the contractual claims procedure exclusively governs, and presentation of a statutory claim for any of the claims asserted in this action is not required. *See id.* The Seventh Affirmative Defense is therefore insufficient as a matter of law as to all the claims alleged in this action. Based on the foregoing, Plaintiff's motion to strike the Port's Seventh Affirmative Defense is **GRANTED**.

**IT IS SO ORDERED**.

DATED: May 4, 2009

M. James Lorenz
United States District Court Judge

1  COPY TO:

2  HON. JAN M. ADLER
   UNITED STATES MAGISTRATE JUDGE
3
   ALL PARTIES/COUNSEL