UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAYLOR BROS., INC., )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>SAN DIEGO UNIFIED PORT )<br>DISTRICT, )<br>  )<br>  Defendant. )<br>_____ ) | Civil No. 08cv1019-L(JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SEAL DOCUMENTS AND RELATED PROTECTIVE ORDER AND ORDER TO SHOW CAUSE** |

Plaintiff Traylor Bros., Inc. ("Traylor"), an engineering and building contractor, filed an action against San Diego Unified Port District ("Port"), alleging the Port failed to make payment in full for services rendered under their contract involving a sediment remediation and aquatic enhancement project. The Port intends to file a motion to disqualify Traylor's counsel based on conflict of interest. Pending before the court is its motion to seal over 100 pages of exhibits in support of the motion to qualify. In addition, the Port requests a protective order to limit disclosure of the exhibits to Traylor's counsel Robert Allenby and David Hopkins, to the exclusion of any other members or staff of their law firm and to the exclusion of Traylor's in-house counsel. While Traylor does not oppose the Port's request to seal the exhibits, it vehemently opposes the limitation on their disclosure. For the reasons which follow, the Port's motion is **DENIED**.

/ / / / /

1	The Port's motion presents two distinct questions. First, whether its proposed exhibits
2	should be filed under seal. Second, whether the court should issue a protective order limiting the
3	disclosure of the sealed exhibits to Messrs. Allenby and Hopkins.
4	Because the first question implicates the "general right to inspect and copy public records
5	and documents, including judicial records and documents," *Nixon v. Warner Commc'ns, Inc.*,
6	435 U.S. 589, 597 & n. 7 (1978), the lack of opposition does not automatically resolve it. *See*
7	*Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003)
8	(stipulated order without more insufficient basis to seal court records). Based on the "strong
9	presumption of access to judicial records," the party requesting to seal a judicial record
10	pertaining to dispositive motions and trials bears the burden of overcoming the presumption by
11	meeting the "compelling reasons" standard. *Kamakana v. City and County of Honolulu*, 447
12	F.3d 1172, 1179 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir.
13	2009). However, sealing of documents attached to non-dispositive motions is treated differently.
14	There is "an exception to the presumption of access to judicial records for a sealed discovery
15	document attached to a non-dispositive motion, such that the usual presumption of the public's
16	right of access is rebutted." *Kamakana,* 447 F.3d at 1179 (internal quotation marks, brackets,
17	emphases and citations omitted); *see also Pintos*, 565 F.3d at 1115. The party seeking to seal a
18	document attached to a non-dispositive motion must meet the lower standard pursuant to Federal
19	Rule of Civil Procedure 26(c). *Foltz*, 331 F.3d at 1135 (discussing *Phillips v. General Motors*
20	*Corp.*, 307 F.3d 1206 (9th Cir. 2002)); *see also Kamakana*, 447 F.3d at 1180; *Pintos*, 565 F.3d at
21	1115-16.
22	The threshold issue is whether the Port's impending motion to disqualify is dispositive for
23	purposes of sealing court records. The parties have provided no briefing on this point. Aside
24	from noting that summary judgment motions are dispositive, *Pintos*, 565 F.3d at 1116,
25	*Kamakana*, 447 F.3d at 1179, *Foltz*, 331 F.3d at 1135; and that discovery sanctions motions are
26	non-dispositive, *Phillips*, 307 F.3d at 1209, 1213, the distinction has not been articulated by the
27	Ninth Circuit, *see In re Nat'l Sec. Agency Telecomm. Records Litig.*, 2007 WL 549854 *3 (N.D.
28	Cal. Feb. 20, 2007) (noting "absence of explicit guidance on this issue"). In deciding this issue,

the court is guided by the rationale justifying the distinction. "The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179 (citing *Phillips*, 307 F.3d at 1213). A higher standard applies to dispositive motions because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." *Id*. On the other hand, "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id*; *see also Pintos*, 565 F.3d at 1115-16. An order on a motion to disqualify does not resolve the merits of the underlying causes of action, and is only tangentially related to the merits. Accordingly, the motion to disqualify is non-dispositive for purposes of sealing court records.

To warrant sealing documents attached to a non-dispositive motion, the party seeking protection must show good cause under Rule 26(c). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130. "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992).

The Port argues that the list of twenty items and 28 billing statements[1] should be sealed because all are attorney-client privileged communications. Courts have granted protective orders that prevent disclosure of privileged information. *Phillips*, 307 F.3d at 1212 (citing *KL Group v. Case, Kay, and Lynch*, 829 F.2d 909, 917-19 (9th Cir. 1997)). Whether the documents should be sealed therefore turns on the issue of attorney-client privilege. The Port has neither provided the documents for *in camera* review*, see Foltz*, 331 F.3d at 1136 n.6, filed affidavits, nor made any other showing in support of its assertion of privilege. On this record, the court

---

[1] The documents are listed generally in the February 24, 2009 Declaration of Tracy L. Hughes. A closed-ended list of the documents with more specific descriptions is listed in the Port's Proposed Order for San Diego Unified Port District's Motion for Protective Order pursuant to the March 5, 2009 order if this court.

1  cannot find that the Port has met its burden under Rule 26(c) to seal its exhibits.  Without a
2  decision on the first question of sealing court records, the Port's request for a protective order
3  limiting the disclosure of sealed documents is premature.  Accordingly, the Port's motion is
4  **DENIED**.

5  Moreover, based on the record presented so far, it appears that the Port may have waived
6  its right to object to Traylor's counsel.  Mr. Allenby has represented Traylor in the claim
7  submission, mediation, and litigation regarding its contract with the Port since June 2006.
8  (Declaration of Robert P. Allenby dated Mar. 17, 2009 at 2.)  During this process, he disclosed
9  to each of the Port's counsel that he and Mr. Hopkins had previously represented the Port on
10 other matters.  (*Id*. at 5-6.)  In late October 2008, shortly after the Port retained its current
11 counsel, the Port raised the issue of conflict of interest for the first time and stated its intent to
12 file a motion to disqualify.  (Decl. Tracy L. Hughes filed Feb. 24, 2009 at 2.)  "A former client
13 who is entitled to object to an attorney representing an opposing party on the ground of conflict
14 of interest but who knowingly refrains from asserting it promptly is deemed to have waived that
15 right."  *See Trust Corp. of Mont. v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir. 1983).  The
16 documents the Port requests to seal do not appear to be relevant to the issue of waiver.

17 Mindful that disqualification motions "are commonly used for purely strategic purposes
18 to delay the litigation, harass the opposing party or pressure for more favorable settlement," *H.F.*
19 *Ahmanson & Co. v. Salomon Bros., Inc.*, 229 Cal. App. 3d 1445, 1454 (1991), the court declines
20 to delay this case further and use its limited judicial resources on review of hundreds of pages of
21 documents and briefing of issues on a motion that appears to be barred.  Accordingly, the Port's
22 proposed motion to disqualify will be addressed in two stages.

23 First, the Port is **HEREBY ORDERED TO SHOW CAUSE** why its motion to
24 disqualify should not be barred by waiver.  If the Port intends to proceed with its motion to
25 disqualify, it must no later than **July 6, 2009** file and serve a memorandum of points and
26 authorities no more than seven pages in length and supporting evidence, if any, to show cause
27 why its motion to disqualify should not be barred by waiver.  No later than **July 13, 2009**,
28 Traylor shall file and serve an opposition, no more than seven pages in length and supporting

1 evidence, if any.  No later than **July 16, 2009**, the Port shall file a reply, no more than five pages
2 in length, and supporting evidence, if any.
3      Second, if the Port is successful in showing its motion to disqualify is not barred, the
4 court will issue a briefing schedule to consider the merits of the motion and any related motion
5 to seal exhibits.
6      **IT IS SO ORDERED**.

8 DATED: June 25, 2009

                                          M. James Lorenz
                                          United States District Court Judge

10 COPY TO:

12 HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

13 ALL PARTIES/COUNSEL