1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   TRAYLOR BROS., INC., et al.,    )  Civil No. 08-1019-L(WVG)
                                      )
12                    Plaintiffs,     )  ORDER REGARDING
                                      )  PROTECTIVE ORDER
13   v.                               )
                                      )
14   SAN DIEGO UNIFIED PORT           )
     DISTRICT,                        )
15                                    )
                      Defendant.      )
16   _____ )

17

18        1. <u>Introduction</u>

19        On  January  13,  2011,  the  Court  held  a  Case  Management

20   Conference  (hereafter  "CMC")  in  this  action.  Prior  to  the  CMC,

21   counsel submitted to the Court a Joint Discovery Plan. At the CMC,

22   the  Court  discussed  with  counsel,  *inter  alia*,  the  need  for  a

23   protective  order,  as  noted  in  the  Joint  Discovery  Plan  at  section

24   II.G.  After the Court discussed with counsel the issues related to

25   the protective order, it ordered counsel to file supplemental briefs

26

27

28

08cv1019

1   regarding the propriety of the protective order. On January 20,

2   2011, counsel filed the requested supplemental briefs.[1/]

3        2. <u>Parties' Arguments</u>

4        Plaintiff Traylor Bros, Inc. (hereafter "Traylor"), argues

5   that a protective order, as suggested in the Joint Discovery Plan at

6   section II.G., is appropriate in this case for the following

7   reasons: It intends to make available to all parties in this case

8   (1) confidential, proprietary information and trade secrets with

9   respect to the means and methods by which it bids and performs

10  projects; (2) proprietary computer software; (3) financial informa-

11  tion relating to revenues, margins, profits, costs of labor and

12  equipment; and (4) staffing, scheduling, subcontracting and

13  equipping particular projects.  Therefore, if a protective order is

14  not in place in this litigation, Traylor's competitors could seek

15  its confidential and proprietary information through a California

16  Public Records Act[2/] (hereafter "CPRA") request to the San Diego

17  Unified Port District (hereafter, "the Port").

18       Further, Traylor argues that by suing the Port, it did not

19  waive its rights to privacy, a protective order insulates the Port

20  from CPRA exposure, and that it is inappropriate to have it

21  indemnify the Port by requiring it to hold the Port harmless and

22  defend and indemnify the Port for costs and fees associated with

23  responding to a CPRA request for its confidential information.

24

25

26  [1/]   Third Party Defendant Anchor Environmental joined Traylor Bros.,
        Inc. in its position regarding the San Diego Unified Port District's
27      request for an indemnity provision in the Joint Discovery Plan. See
        the discussion regarding the San Diego Port District's request for
        an indemnity provision below.
28

    [2/]   California Government Code §§ 6250-6264.

08cv1019

1   The Port argues that Traylor has failed to show good cause

2   for the protective order, Traylor has waived its privacy rights, and

3   that imposition of a protective order will subject the Port to costs

4   and fees associated with responding to state and federal law record

5   requests that seek Traylor's confidential information. Therefore,

6   Traylor should defend and indemnify the Port for any costs and fees

7   associated with the Port's responses to requests for Traylor's

8   confidential information.

9       3. <u>Discussion</u>

        a. <u>Protective Order Under the Federal Rules of Civil</u>
10         <u>Procedure</u>

11      Pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), a

12  protective order is appropriate if the party seeking the protective

13  order shows good cause and the information sought to be protected is

14  a trade secret, confidential research, development or commercial

15  information. "A party asserting good cause (for a protective order)

16  bears the burden, for each particular document it seeks to protect,

17  of showing that specific prejudice or harm will result if no

18  protective order is granted." <u>Foltz v. State Farm</u>, 331 F.3d 1122,

19  1130 (9th Cir. 2003).

20      Here, Traylor has sufficiently met its burden by explaining

21  the nature of the documents that require protection and the

22  rationale underlying its request for a protective order for those

23  documents. In addition, the Court relies on its own experience to

24  conclude that the nature of the documents identified by Traylor

25  require protection from disclosure to persons or entities that are

26  not parties to this litigation.

27

28

08cv1019

1        b. <u>CPRA California Government Code §6254(b)</u>

2        The CPRA, at California Government Code §6254, lists several

3   areas where disclosure of documents, subject to a CPRA request, are

4   exempt from disclosure.  California Government Code § 6254 states in

5   pertinent part:

6            ...(N)othing in this chapter shall be construed to
             require disclosure of records that are any of the
7            following...
             (b) Records pertaining to pending litigation to which
8            the public agency is a party,... until pending litiga-
             tion or claim has been finally adjudicated or other-
9            wise settled.
             ...
10           (k) Records, the disclosure of which is exempted or
             prohibited pursuant to federal or state law, includ-
11           ing, but not limited to, provisions of the Evidence
             Code relating to privilege.

12

13       "Since disclosure (under the CPRA) is favored, all exemptions

14  are narrowly construed. The agency opposing disclosure bears the

15  burden of proving that an exemption applies." <u>County of Santa Clara</u>

16  <u>v. Superior Court</u>, 170 Cal. App. 4th 1301, 1321 (2009)(citations

17  omitted).

18       Section 6254(b) does not apply in this case because "(a)

19  document is protected from disclosure under the pending litigation

20  exemption only if the document *was specifically prepared for use in*

21  *litigation."* <u>Board of Trustees v. Superior Court</u>, 132 Cal. App. 4th

22  889, 897 (2005), citing <u>County of Los Angeles v. Superior Court</u>

23  <u>(Axelrad)</u>, 82 Cal. App. 4th 819, 825 (2000)(emphasis in original).

24  Here, the documents Traylor seeks to protect were not prepared for

25  use in litigation. In fact, it appears that at the time the

26  documents Traylor seeks to protect were created, litigation was not

27  even contemplated, much less specifically prepared for use in

28  litigation.

08cv1019

3:08-cv-01019-BTM-WVG   Document 92   Filed 02/16/11   PageID.793   Page 5 of 7

Even if § 6254(b) applied, the confidential nature of the documents Traylor seeks to protect would expire upon completion of the litigation. Therefore, the documents would become disclosable by the Port upon an appropriate request. "Section 6254(b) only applies to litigation-related documents while litigation is pending. Documents exempt from disclosure while litigation is pending are subject to disclosure under the (C)PRA once the litigation has ended." Board of Trustees, 132 Cal. App. 4th at 899. Accordingly, § 6254(b) does not provide the type of protection that Traylor seeks because the Port could disclose the documents for which Traylor seeks protection after the litigation has ended. As a practical matter, documents disclosed under a protective order are often returned to the disclosing party, or destroyed, when the litigation has concluded. Consequently, even under § 6254(b), Traylor's trade secrets and confidential information may not be in the Port's possession after the litigation is concluded and thus not subject to disclosure under the CPRA.

### c. CPRA California Government Code § 6254(k)

While California Government Code § 6254(b) does not apply in the situation presented to the Court, § 6254(k) does apply. The documents protected from disclosure pursuant to this section are documents that were not prepared for use in litigation, (e.g. trade secrets) and also applies after the litigation has concluded. Trade secrets are generally protected from disclosure but not when "the owner divulges them or when they are discovered through proper means." Chicago Lock Co. v. Fanberg, 676 F.2d 400, 404 (9th Cir. 1982).

08cv1019

1          Here, the Port provided the Court a list of disclosures made

2    by Traylor in the bidding process, during the performance of the

3    project, and in the claims process. The Port contends that these

4    disclosures were not made pursuant to a protective order nor

5    pursuant to a confidentiality agreement. The Port further claims

6    that Traylor's disclosures in these regards are the very same trade

7    secrets and proprietary and confidential information, which Traylor

8    now wants to protect from disclosure. If the Port is correct and

9    Traylor made certain disclosures during the bidding process,

10   performance of the project, and in the claims process, then as to

11   those documents, such protection was waived pursuant to <u>Chicago</u>

12   <u>Lock</u>.  Therefore, the Court agrees that the Port's position in this

13   regard has merit.

14         However, the Port's request that Traylor agree to defend and

15   indemnify it for costs and expenses of responding to a CPRA request

16   does not have merit. The Port has not presented to the Court any

17   authority that would support such a request.

18         As a result of the foregoing, counsel shall modify the

19   protective order to include the following language:

20              With respect to documents submitted by Traylor during
                the bidding process, performance of the project, and
21              in the claims process, <u>and</u> which are now considered
                public documents subject to disclosure under the CPRA,
22              confidentiality is waived. These documents are specif-
                ically excluded from protection under this Protective
23              Order. Any other documents identified by Traylor that
                fall within the categories of trade secrets, propri-
24              etary and/or confidential information are properly
                subject to confidentiality under the Protective Order.

25

26         On or before <u>February 23, 2011</u>, counsel shall provide to the

27   Court clarification regarding what is meant by "within a reasonable

28

6

08cv1019

time," as used in the Joint Discovery Plan at page 14, paragraph G.1.(c).

On or before March 2, 2011, counsel shall file with the Court the Joint Discovery Plan. The Joint Discovery Plan shall include all of the changes noted in this Order, as well as the changes noted by the Court in its January 13, 2011 discussions with counsel.

DATED:  February 16, 2011

Hon. William V. Gallo
U.S. Magistrate Judge

08cv1019