1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   TRAYLOR BROS., INC.,                 )   Civil No. 08-cv-1019-L(WVG)
                                          )
12                    Plaintiff,          )   **ORDER:**
                                          )
13   v.                                   )   **(1) GRANTING PLAINTIFF'S MOTION**
                                          )   **TO FILE DOCUMENTS UNDER SEAL**
14   SAN DIEGO UNIFIED PORT               )   **[DOC. 110],**
     DISTRICT,                            )
15                                        )   **(2) DENYING PLAINTIFF'S *EX PARTE***
                      Defendant.          )   **APPLICATION FOR LEAVE TO FILE**
16   _____     )   **EXCESS PAGES [DOC. 106], AND**
                                          )
17   AND RELATED THIRD-PARTY              )   **(3) TERMINATING DEFENDANT'S *EX***
     ACTION.                              )   ***PARTE* APPLICATION TO CONTINUE**
18                                        )   **HEARING DATE AS MOOT [DOC. 115]**

19        Pending before the Court are three requests related to Plaintiff Traylor Bros. Inc.'s

20   anticipated motion for partial summary judgment against Defendant / Third-Party Plaintiff San

21   Diego Unified Port District ("Port"). These requests include (1) Traylor Bros.' motion to file

22   documents under seal, (2) Traylor Bros.' *ex parte* application seeking leave to file excess pages

23   for its anticipated motion, and (3) the Port's *ex parte* application to continue the hearing date

24   reserved by Traylor Bros. for its anticipated motion. To date, Traylor Bros.' motion to file

25   documents under seal remains unopposed. Both *ex parte* applications, however, are opposed.

26        For the following reasons, the Court **GRANTS** Traylor Bros.' motion to file documents

27   under seal, **DENIES** Traylor Bros.' *ex parte* application, and **TERMINATES AS MOOT** the

28   Port's *ex parte* application.

                                                                                    08cv1019

1    **I.    ANALYSIS**

2         This case arises from a public-works construction project performed by Traylor Bros. for

3    the Port.  The project involved the demolition and removal of existing piers and launchway

4    structures and other debris, and the dredging and disposal of contaminated bay sediment in

5    preparation for the installation of an engineered cap system.  According to Traylor Bros., the

6    anticipated motion for partial summary judgment seeks to establish (1) that its interpretation of

7    the contract documents relating to the Dredging & Capping Claim is reasonable such that, as a

8    matter of law, the contract documents are at best ambiguous and must be construed against the

9    Port, and (2) the Port's liability for the extra time incurred and extra work performed by Traylor

10   Bros.

11

12        **A.    Traylor Bros.' Motion to File Documents Under Seal**

13        "[A] 'compelling reasons' standard applies to most judicial records." *Pintos*, 605 F.3d at

14   677-78.  A party seeking to seal judicial records must show that "compelling reasons supported

15   by specific factual findings . . . outweigh the general history of access and the public policies

16   favoring disclosure." *Id.* at 678 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172,

17   1178-79 (9th Cir. 2006)) (internal quotation marks omitted).  This standard derives from the

18   common-law right "to inspect and copy public records and documents, including judicial records

19   and documents." *Id.*; *see also Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978).  As

20   long as the particular document is not one that is "traditionally kept secret," the presumption of

21   access "extends to pretrial documents filed in civil cases, including materials submitted in

22   connection with motions for summary judgment." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331

23   F.3d 1122, 1134 (9th Cir. 2003).  However, this right to access is not absolute.  "'[C]ompelling

24   reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court

25   records exist when such 'court files might have become a vehicle for improper purposes,' such

26   as the use of records to gratify private spite, promote public scandal, circulate libelous

27   statements, or release trade secrets." *Kamakana*, 447 F.3d at 1178-79 (citing *Nixon*, 435 U.S. at

28   678).  But "[t]he mere fact that the production of records may lead to a litigant's embarrassment,

08cv1019

1  incrimination, or exposure to further litigation will not, without more, compel the court to seal its

2  records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

3      Traylor Bros. seeks to file under seal the conformed estimate of Dutra Dredging Company

4  ("Dutra"), the only other contractor to submit a bid for the subject project, in support of its

5  anticipated motion for partial summary judgment.  It indicates that the parties obtained Dutra's

6  conformed estimate during discovery process.  (Pl.'s Mot. to Seal 1:27–29.)  Traylor Bros. also

7  contends that the conformed estimate "contains the [Dutra's] trade secrets, proprietary

8  information, and private financial information, which, if made available to the public, would

9  irreparably impact Dutra's future ability to successfully bid public works projects." (*Id.* at

10  1:28–2:2, 4:1–8.)  It supports its motion with the declaration of its counsel, Catherine A. Hanna.

11      Traylor Bros. argues that these circumstances satisfy the Ninth Circuit's compelling-

12  reasons standard.  (Pl.'s Mot. to Seal 3:19–4:12.)  The Court agrees.[1]  Exposing Dutra's

13  conformed estimate to the public has the potential to greatly disadvantage it in the future

14  commercial ventures.  Furthermore, Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an

15  opposing party fails to file papers in the manner required by Local Rule 7.1.e.2, that failure may

16  constitute a consent to the granting of that motion or other ruling by the court."  Thus, the Court

17  considers the Port's failure to respond to the motion as consent to granting it.

18      Accordingly, the Court **GRANTS** Traylor Bros.' motion to file Dutra's conformed

19  estimate under seal.  (Doc. 110.)

20

21      **B.      Traylor Bros.' *Ex Parte* Application for Leave to File Excess Pages**

22      Civil Local Rule 7.1(h) provides that "[b]riefs or memoranda in support of or in

23  opposition to all motions noticed for the same motion day must not exceed twenty-five (25)

24  pages in length for all such motions without leave of the judge who will hear the motion."

25  Furthermore, "[n]o reply memorandum will exceed ten (10) pages without leave of the judge."

26

27      [1] The Court also notes that the less burdensome "good cause" standard may apply to the
documents produced here, which Traylor Bros. nonetheless also satisfies.  *See Pintos*, 605 F.3d

28  at 678.

1   Civil L.R. 7.1(h).  Given the district court's inherent power to control their dockets, whether to

2   grant leave to exceed the page limits set forth in the Civil Local Rules appears to be at the full

3   discretion of the Court.  *See United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en

4   banc) (noting also that "judges exercise substantial discretion over what happens inside the

5   courtroom").

6        Here, Traylor Bros. requests leave to file a 60-page motion—35 pages in excess of the

7   page limit imposed by the Civil Local Rules.  Traylor Bros. indicates that despite its "best and

8   vigorous efforts," it "believes that these pages are necessary so that the relevant facts,

9   particularly the pertinent excerpts from the voluminous Contract Documents, can be properly

10  framed in a single document without the added burden to the Court of having to cross-reference

11  facts set forth in separate documents." (Pl.'s Excess Pages *Ex Parte* Appl. 2:3–9.)  The Port and

12  Third-Party Defendant Anchor Environmental, LLC ("Anchor")[2] argue that Traylor Bros. fails to

13  demonstrate good cause in support of its request.  The Court is inclined to agree with the Port

14  and Anchor.

15       With its *ex parte* application, Traylor Bros. also submitted a copy of the 60-page partial-

16  summary-judgment motion that it intends to file.  A cursory review of the anticipated motion

17  shows that a substantial portion of the motion—just under 40 pages—is allocated to providing

18  background information.  However, if Traylor Bros. justifies the need to exceed the page limits

19  in order to insert pertinent contract excerpts, it fails to show good cause that the additional pages

20  are necessary.  By the Court's assessment, contract excerpts amount to no more than a few extra

21  pages.  Moreover, viewing a particular portion of a contract out of context may deprive the

22  Court, as well as the Port, of important insight into the meaning of that portion.  Regardless,

23  exceeding the 25-page limit imposed by the Civil Local Rules by 35 pages is excessive.

24  Therefore, the Court will not exercise its discretion to grant Traylor Bros. leave to file excess

25  pages.

26

27       [2] Anchor jointly opposes Traylor Bros.' *ex parte* application.  (Pl.'s Excess Pages *Ex Parte* Appl. 2:3–5.)  Anchor also joins the Port in its *ex parte* application to continue the hearing
28  date for Traylor Bros.' anticipated motion.  (Notice of Joinder [Doc. 117].)

1    Accordingly, the Court **DENIES** Traylor Bros.' *ex parte* application for leave to file

2  excess pages.  (Doc. 106.)  Furthermore, given that the reserved hearing date for Traylor Bros.'

3  anticipated motion is no longer in compliance with this district's 28-Day Rule under Civil Local

4  Rule 7.1(e.1), the Court **TERMINATES AS MOOT** the Port and Anchor's *ex parte* application

5  to continue the hearing date.  (Doc. 115.)

6

7  **II.    CONCLUSION & ORDER**

8    In light of the foregoing, the Court hereby:

9    (1)    **GRANTS** Traylor Bros.' motion to file documents under seal (Doc. 110),

10    (2)    **DENIES** Traylor Bros.' *ex parte* application for leave to file excess pages (Doc.

11        106), and

12    (3)    **TERMINATES AS MOOT** the Port and Anchor's *ex parte* application to

13        continue the hearing date reserved for Traylor Bros.' anticipated motion (Doc.

14        115).

15    When Traylor Bros. is prepared to file their motion, it may obtain a new hearing date

16  from chambers.  After reserving the hearing date, Traylor Bros. must be ready to file its motion

17  within 3 days.  Furthermore, in accordance with the Court's Standing Order for Civil Cases,

18  telephone calls to chambers should be limited to obtaining hearing dates for motions or

19  "unavoidable circumstances."  With that in mind, the parties are warned to exercise their sound

20  judgment when calling chambers.

21    **IT IS SO ORDERED.**

22

23  DATED: March 26, 2011

24    _____
       M. James Lorenz
25       United States District Court Judge

26

27

28

                                                                                08cv1019
                                       5